Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The act of Congress of March 2, 1867, which allows a plaintiff’, under certain circumstances, to remove his cause from the State to the Federal court, authorizes the transfer only when one party is a citizen of the.State in which the suit is brought and the other party is a citizen of a different State. In this case, while it appears on the face of the declaration that the plaintiff' is a' citizen of Illinois, it does not appear that the defendant is a citizen of Mississippi. This being so, it is not necessary to notice the subsequent pleadings, because if the court can see, on the case made by the plaintiff’in his declaration, that the District Court acquired no jurisdiction over it, it is bound to reverse the judgment and direct the District Court to remand the cause to the State court in which it was instituted.
 
 †
 

 
 *216
 
 If the declaration had averred the citizenship of the parties to be as the law requires it, the jurisdiction of the District Court would have attached, and we would be required to look further into the record in order to ascertain whether the defendant had raised the question of jurisdiction in season to avail itself of the objection in this court.
 
 *
 

 The declaration avers that the plaintiff in error (the defendant, in the court below) is a corporation created by an act of the legislature of the State of New York, located in Aberdeen, Mississippi, and doing business there under the laws of the State. This, in legal effect, is an. averment that the defendant was a citizen of New York, because a corporation can have no legal existence outside of the sovereignty by which it was created.
 
 †
 
 Its place of residence is there, and can be nowhere else. Unlike a natural person, it cannot change its domicile at will, and, although .it may be permitted to transact business where its charter does not operate, it cannot on that account acquire a residence there.
 

 As, therefore, the declaration is, on its face, bad in not showing that one of the parties to the suit was a citizen of Mississippi, it follows that the transfer of the cause was not authorized by law, and that the District Court had no jurisdiction to try it.
 

 ^ Judgment oe the District Court reversed, and the cause remanded to that*eourt with instructions to transmit it to "the Circuit Court of Monroe County for further proceedings
 

 In coneormity to law and-justice.
 

 †
 

 Pollard & Pickett
 
 v.
 
 Dwight et al., 4 Cranch, 429.
 

 *
 

 De Sobry
 
 v.
 
 Nicholson, 3 Wallace, 423.
 

 †
 

 Ohio and Mississippi Railroad Co.
 
 v.
 
 Wheeler, 1 Black, 286; Louisville Railroad Co.
 
 v.
 
 Letson, 2 Howard, 497.