# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

BOOTH *et al. v.* ST. LOUIS FIRE-ENGINE MANUF'G CO.  (No. 3,057.)

WALKER *v.* ST. LOUIS, A. & T. H. R. CO.  (No. 3,041.)

*(Circuit Court, E. D. Missouri, E. D.  September 28, 1889.)*

FEDERAL COURTS—CORPORATIONS—RESIDENCE.
  A corporation cannot acquire a residence in a state other than one in which it is incorporated, within the meaning of act Cong. 1887, which provides that, "when the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either plaintiff or defendant."

On Motions to Dismiss.
*John S. Booth,* for Booth *et al.*
*Edward J. O'Brien,* for the St. Louis Fire-Engine Manuf'g Co.
*A. R. Taylor,* for James L. Walker.
*Taylor & Pollard,* for the St. Louis, A. & T. H. R. Co.

BREWER, C. J.  We have here two cases, in each of which the plaintiffs are not citizens nor residents of this state, and in each of which the defendant is a corporation organized in some state other than this.  They are suits originally brought in this court; and the question is whether, under the act of 1887, this court can take jurisdiction.  In each of them it appears that the corporation defendant has an office and transacts business in this state, and some of its officers reside here; and in one of them (No. 3,057) it would seem from the allegations that all the officers are here, and all its business transacted here.  The law of 1887 provides that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."  These cases are of that nature, and jurisdiction is only invoked on the ground of diverse

v.40F.no.1—1

citizenship; so, the plaintiffs being confessedly non-residents, the question is whether the defendants can be considered as residents of this district.

There has been some difference of opinion expressed by the judges of the trial courts, and I do not intend to enter into any discussion of the question. I simply state what conclusions I have come to in this matter, not from this argument alone, but in prior cases. In three cases the supreme court of the United States have spoken of the residence and and citizenship of corporations. In the case of *Insurance Co.* v. *Francis*, 11 Wall. 210, the court says:

"The declaration avers that the plaintiff in error (the defendant in the court below) is a corporation created by an act of the legislature of the state of New York, located in Aberdeen, Miss., and doing business there under the laws of the state. This, in legal effect, is an averment that the defendant was a citizen of New York, because a corporation can have no legal existence outside of the sovereignty by which it was created. Its place of residence is there, and can be nowhere else. Unlike a natural person, it cannot change its domicile at will; and, although it may be permitted to transact business where its charter does not operate, it cannot on that account acquire a residence there."

In *Ex parte Schollenberger*, 96 U. S. 377, the court says:

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter."

And in the still later case of *Railroad Co.* v. *Koontz*, 104 U. S. 5, the court uses this language:

"By doing business away from their legal residence, they do not change their citizenship, but simply extend the field of their operations. They reside at home, but do business abroad."

Now, those declarations of the supreme court are not simply affirmative in character, asserting that a corporation is a citizen and resident of the state which creates it, but also negative, and declaring that it cannot change its citizenship or residence. In the light of those declarations, I hold that a corporation created under the laws of another state is a citizen of and resident within that state. It can acquire no residence here. The motions will be sustained, and suits dismissed.