## No. 10,388.

### THE BARBER ASPHALT PAVING COMPANY VS. THE CITY OF NEW ORLEANS ET ALS.

Debts and other incorporeal rights, when treated as property for the purposes of taxation, can be assessed only at the domicil or place of residence of the creditor, without regard to the domicil of the debtor. The principle applies to corporations as well as to natural persons. Hence debts due to a foreign corporation by residents of this State, cannot be taxed in this State.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*Leovy and Blair* for Plaintiff and Appellee:

I.

1. Two grounds for the relief sought were presented in the court below: *a*. Plaintiff had no property covered by the words of the assessment; *b*. If debts due it were within the words of the assessment, such property was not taxable in this State.

2. Either of these grounds is sufficient to support the judgment appealed from. It does not appear which of the two prevailed in the lower court.

3. As the amount involved does not exceed $2000 this Court cannot consider the first of these grounds.

4. Hence this Court should not entertain jurisdiction of this appeal. Otherwise plaintiff might be entirely deprived of all benefit of a valid objection which is sufficient to entitle it to the relief prayed for and which, perhaps, was the only issue decided in the court below.

II.

1. A corporation is a citizen and resident of the State which created it and under whose laws it was organized. Ang. and Ames on Corporations (10 Ed.). § 194; Railroad Co. vs. Koontz, 104 U. S. p. 11; County of Yuba vs. Pioneer Gold Mining Co., 32 Fed. Rep. 183.

2. "By doing business away from their legal residence they (corporations) do not change citizenship, but simply extend the field of their operations. They reside at home, but do business abroad." Railroad Co. vs. Koontz, 104 U. S. p. 11.

3. A debt is an incorporeal right which has no actual *situs*, but follows the domicil of the owner.

4. The taxing powers of a State are limited to persons and property within and subject to its jurisdiction. They do not extend, therefore, to incorporeal rights owned by a citizen of another State. Meyer et al. vs. Pleasants, Sheriff, etc., 41 Ann. (Sou. Rep.); Murray vs. Charleston, 96 U. S. 432; Kirtland vs. Hotchkiss, 100 U. S 496; State Tax on Foreign Held Bonds, 15 Wall, 300; City of Baltimore vs. Hussey, 9 Atlantic Reporter, 19; Oliver vs. Washington Mills, 11 Allen, 282; Cooley on Taxation, pp. 14, 15; 270.

5. Hence, debts due the plaintiff Company. a corporation created and organized under the laws of the State of West Virginia, and a citizen of that State, are not taxable in this State.

6. Article 236 of the Constitution of this State does not bring foreign corporations within the taxing jurisdiction of the State, even if it were competent for any State to confer on itself the power to tax persons not citizens of, or property not actually within, this State. It does not expressly so provide, and it is not necessary to give it such an effect to accomplish the obvious purpose of the provision.

7. Engaging in business and being suable in a State do not make a corporation a citizen of that State. Railroad Co. vs. Koontz, 104 U. S. p. 11.

8. The residence of the debtors is entirely immaterial in determining the taxability of debts. Hence, if any debts due foreign corporations are taxable in this State, all their credits, choses in action, and other incorporeal rights, wherever the obligors may be, are so taxable!

*T. McC. Hyman,* Assistant City Attorney, for Defendant and Appellant:

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff, in this suit, contests the right of the State and city to levy and enforce a tax on "money loaned on interest, credits and bills receivable for money loaned or advanced," owned by the plaintiff corporation in the city of New Orleans. Its ground of resistance is that as a foreign corporation it is not liable to taxation in this State for that kind of property or rights, which can be assessed only at the domicil of the owner.

This appeal is from a judgment in favor of plaintiff.

The suggestion of appellee's counsel that the matter in dispute is less than the lower limit of our jurisdiction, is not well founded.

The contention involves the legality of the tax assessed against plaintiff's property, and not the correctness or legality of the assessment. If under the law, plaintiff's property as hereinabove described is not liable to taxation in Louisiana, the tax sought to be enforced would undoubtedly be illegal, and it follows that the legality of the tax being involved, the amount thereof is not the proper test of jurisdiction on appeal. Constitution Art. 81, Meyer et al. vs. Pleasant, 41 Ann. Southern Reporter, Vol. 6, No. 10, p. 258.

On the merits, we think that the case is with plaintiff, and that the conclusions of the District Judge are correct.

The record shows that plaintiff is a foreign corporation, domiciled in the State of West Virginia, and that the property sought to be taxed consists exclusively of debts due the corporation by citizens of this State for paving work previously done.

In the case of Meyer vs. Pleasant, hereinabove referred to, it was held, in harmony with settled jurisprudence, that the *situs* of a debt as property is at the domicil of the creditor, and it was decided that a judgment rendered in the Parish of Union in favor of, and owned at the time by, the Meyers, was not liable to taxation in that parish, for the reason that the owners of the judgment were residents of the City of New Orleans, and not of the Parish of Union.

If the rule applies to residents of different parishes, *a fortiori* will it protect citizens or residents of other States.

The principle seems to be conceded by the city attorney in so far as natural persons are concerned, but he denies its application in the case of corporations.

His contention is predicated mainly on the revenue act of 1888, which levies an annual tax on all property situated within the State, including rights and credits similar to the effects assessed to plaintiff, and on the provisions of article 236 of the State Constitution which provides that, " no foreign corporation shall do any business in this State without having one or more known places of business, and an authorized agent or agents in the State upon whom process may be served."

The record shows that plaintiff has complied with that constitutional requirement, and hence it is argued for the city, that as an effect of the article the plaintiff has assumed " the duties and obligations of a citizen of the State, a natural person."

Under well settled jurisprudence and with the sanction of the Supreme Court of the United States, through several decisions, there is no longer any question as to the right of a State to exact of foreign corporations conditions similar to those contained in our article 236, before they can do business within any part of the State, and in that connection it has been held by that exalted tribunal that corporations are not citizens within the meaning of that clause of the Constitution of the United States, which declares that " the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States." Paul vs. Virginia, 8 Wall. 168; Liverpool Insurance Company vs. Massachusetts, 10 Wall, 566; Lafayette Insurance Company vs. French, 18 Howard 404; Doyle vs. Insurance Company 94, U. S. 535.

But we find nothing in those opinions or in the Article 236, of our Constitution, on which the argument of counsel for the City can find the slightest support, when he contends that a compliance with the Article by a foreign corporation assimilates it, in duties and obligations, to a citizen of the State.

The discussion of the case does not involve the question of citizenship, but merely that of domicil.

And on that subject it is beyond question the right of a corporation, as well as of a natural person, to have a legal domicil. And that domicil is in the State where it was incorporated. With the leave of other States a corporation can extend its operations to other States, but it does not

thereby acquire a new domicil in every State in which it does business. It retains the domicil of its birth, and, like natural persons, it is at that domicil that its obligations for, and its liability to, taxation for debts or other incorporeal rights, which it owns, must be tested and settled. Railroad Company vs. Koontz, 104 U. S. p. 11; County of Yuba vs. Pioneer Gold Mine, 32 Federal Reporter, 183.

Nothing in the language of our Article 236 can suggest the slightest intention on the part of the framers of the Constitution to affect or alter the right of a foreign corporation to have and maintain its domicil in another State or to declare that by having one or more known places of business and an authorized agent or agents in this State, a foreign corporation thereby ceases to be a "foreign corporation." On the contrary, the very essence of the provision, which has for object to secure the service of process, which could not otherwise be accomplished, shows the clear and unmistakable intention to provide for "foreign corporations," which are contemplated to remain "foreign corporations," and not to become home or resident corporations. Viewing the question from every standpoint and in every possible light, we fail to see any reasons which could justify, or discover any principle of law or any judicial utterance which could sanction, the distinction contended for between corporations and natural persons, on the question of their respective rights of domicil and of the legal effects flowing therefrom. Our conclusion is that the tax levied against the plaintiff corporation cannot be sustained; and that the assessment should be cancelled. It is therefore ordered that the judgment appealed from be affirmed with costs.