MYERS *et al. v.* MURRAY, NELSON & Co.

(*Circuit Court, S. D. Iowa, W. D.* September Term, 1890.)

1. REMOVAL OF CAUSES—RESIDENCE OF CORPORATION.
    A corporation, though carrying on business in several states, can have a residence only in the state in which it was created; so that the averment that a corporation was created under the laws of a certain state precludes the idea that it may have become a resident of another state, and is sufficient in a petition for removal of a cause from a state to a federal court. Dissenting from *Hirschl v. Threshing-Machine Co.*, 42 Fed. Rep. 803.

**2. SAME—NOMINAL PARTIES.**

> The averments of a bill showed that a person joined as defendant of record was merely the attorney of the defendant corporation; that he had no personal interest in the controversy; that he held possession of certain notes involved in the litigation, not in his own right, but solely for the corporation. *Held*, that the presence on the record of such person would not affect the right of the defendant corporation to have the case removed from a state to a federal court.

In Equity.  Motion to remand.

*L. L. De Lano* and *Willard & Willard*, for complainants.

*Berryhill & Henry* and *R. G. Phelps*, for defendant.

SHIRAS, J.  When the bill in this cause was filed, the complainants were, and have ever since continued to be, citizens of Iowa.  The defendant Murray, Nelson & Co. was and is a corporation created under the laws of the state of Illinois, and the defendant R. G. Phelps was and is a citizen of the state of Iowa.  The suit was brought in the district court of Cass county, Iowa, and, upon the petition of the defendant corporation, Murray, Nelson & Co., the same was removed to this court.  Complainants now move to remand the cause, on the ground that R. G. Phelps, one of the defendants, was and is a citizen of Iowa, of which state the complainants are likewise citizens.  The averments of the bill show that Phelps is merely the attorney of the corporation; that he has no personal interest in the controversy; that he holds possession of certain of the notes and collaterals involved in the litigation, not in his own right, but solely for the defendant corporation.  The facts presented on the record bring the case within the rule laid down in *Wood* v. *Davis*, 18 How. 467, in which it is held that the presence upon the record of one who is merely an agent or attorney for the principal defendant will not affect the right of removal as between the principal parties to the controversy.  That case, in its facts, is similar to the one now under consideration, and the ruling therein made sustains the right of removal in the present suit.

It is urged, as a further objection, that although Murray, Nelson & Co. is a corporation created under the laws of the state of Illinois, and so averred to be upon the record, yet that it is not made to appear that the corporation is not a resident of Iowa; and, in support of this contention, reliance is placed upon the ruling made by Mr. Justice MILLER in *Hirschl* v. *Threshing-Machine Co.*, 42 Fed. Rep. 803.  Until this decision was made, it had been the settled doctrine in this circuit that a corporation could be a resident only of the state under whose laws it was created.  *Fales* v. *Railroad Co.*, 32 Fed. Rep. 673; *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1.  In the latter case Judge BREWER cites several of the decisions of the supreme court upon the point, and holds that thereby the rule is established that a corporation cannot acquire a residence in any state other than that under whose laws it was created.  In the conflict of the rulings in the circuit, resort must be had to the decisions of the supreme court.  I cite a few thereof:

In *Insurance Co.* v. *Francis*, 11 Wall. 210, it is said:

"A corporation can have no legal existence outside the sovereignty by which it was created.  Its place of residence is there, and can be nowhere

else. Unlike a natural person, it cannot change its domicile at will; and, although it may be permitted to transact business where its charter does not operate, it cannot, on that account, acquire a residence there."

In *Ex parte Schollenberger*, 96 U. S. 377, it is declared that—

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter."

In *Railroad Co.* v. *Koontz*, 104 U. S. 5, it is again affirmed that—

"By doing business away from their legal residence, they do not change their citizenship, but simply extend the field of their operations. They reside at home, but do business abroad."

In *Pennsylvania R. Co.* v. *St. Louis, A. & T. H. R. Co.*, 118 U. S. 290, 6 Sup. Ct. Rep. 1094, it is said:

"It does not seem to admit of question that a corporation of one state, owning property and doing business in another state by permission of the latter, does not thereby become a citizen of this state also."

In *Goodlett* v. *Louisville & N. R. Co.*, 122 U. S. 391, 7 Sup. Ct. Rep. 1254, it appeared that a corporation, originally created under the laws of the state of Kentucky, had been, by an act of the legislature of Tennessee, authorized to construct and operate an extension of its line in the state of Tennessee; and the supreme court, after an exhaustive examination of the authorities, held that the company must still be deemed to be a Kentucky corporation, and as such to be entitled to remove a suit brought against it in a state court of Tennessee. The ground upon which it was, after some conflict in the earlier cases, finally decided that corporations could sue or be sued in the courts of the United States was that it would be conclusively presumed that a suit by or against a corporation is a suit by or against citizens of the state which created it; it being assumed that the corporators or stockholders are citizens of that state. It is now settled that this is a legal presumption, which cannot be gainsaid. *Railroad Co.* v. *Letson*, 2 How. 497; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Railroad Co.* v. *Whitton*, 13 Wall. 270; *Muller* v. *Dows*, 94 U. S. 444.

In the latter case it is said:

"A corporation itself can be a citizen of no state, in the sense in which the word is used in the constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such case it is regarded as a suit brought by or against the stockholders of the corporation; and for the purposes of jurisdiction it is conclusively presumed that all the stockholders are citizens of the state, which by its laws created the corporation."

Therefore, when, in a petition for removal by a corporation, it is averred that the corporation was created under the laws of a given state, the legal effect of such averment is that the suit is to be regarded as brought against the stockholders of such corporation, who are all conclusively deemed to be citizens of the state creating the corporation. If, then, it be true that, as applied to an individual, the averment that he is a citizen of a named state necessarily includes the averment that he is a resident of such state, residence being the test of state citizenship, the same

conclusion must follow in case of a corporation, from the averment that the corporation was created under the laws of the given state.

Much of the doubt and uncertainty thrown around this class of questions arises, it seems to me, from not keeping in mind the distinction between national and state citizenship. Thus it is said that citizenship and residence are not synonymous terms. As applied to national citizenship, this is true. An alien cannot become a citizen of the United States by mere residence in this country. Therefore, when the question of national citizenship is under consideration, proof that a person resides in the United States does not necessarily prove that he is a citizen of the United States. Notwithstanding such residence, he may be an alien, and therefore, when the issue is as to national citizenship, the proof must be upon the point whether the person is native born, or, if born an alien, whether he has since been naturalized according to the requirements of the statute. When the issue is as to the state citizenship of one who is admitted or proven to be a citizen of the United States, then the point of inquiry is, of what state is the person a legal resident? A citizen of the United States, native born or naturalized, is a citizen of that state in which he has his legal residence. He may to-day be a resident in, and therefore a citizen of, the state of Illinois, but if to-morrow he should remove to Iowa, with the intent to take up his permanent abode in the latter state, he would then become a citizen of Iowa. If he does not reside in Iowa, he cannot be said to be a citizen of Iowa. If he does in fact reside in Iowa, he is a citizen of Iowa, and cannot, so long as he is a citizen of Iowa, become a citizen of any other state. An individual cannot, within the meaning of the removal statutes, be a citizen of two or more states at one and the same time. He must be deemed to be a citizen of the state in which he has his fixed, permanent, or legal residence, and he cannot be a citizen of any state other than the one in which he resides. Therefore, when it is averred that A. B. is a citizen of the state of Iowa, such averment clearly includes the idea that A. B. is a resident of that state; and, as he can be a resident of but one state at a time, the averment that A. B. is a citizen of Iowa negatives the idea that he is a legal resident of any other state.

Article 14 of the amendments to the constitution of the United States declares that "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside." So far as applicable to the question under consideration, this constitutional provision only recognizes the rule already in existence, to-wit, that a citizen of the United States is a citizen of the state wherein he resides; but it puts the proposition beyond question or cavil. Therefore an averment, that A. B. is a citizen of a given state, of necessity includes the averment that he is a resident of that state, and precludes the assumption that he may be a resident of any other state. The same is true of the averment that a corporation was created under the laws of a named state. So far, therefore, as it is held in *Hirschl* v. *Threshing-Machine Co.*, that the same rule is applicable to corporations as to natural persons, no exception can be taken thereto; but

when it is said that either natural persons or corporations can be deemed to be residents of states other than that of which they are citizens, or under whose laws the corporations were created, such statement is clearly adverse to the uniform rule given us in the decisions of the supreme court. Furthermore, if it be true that, within the meaning of the statute regulating the jurisdiction, original and by removal, of the United States circuit courts, a corporation may be a resident of every state wherein it carries on business, then it follows that, under the provisions of the act of 1888, the number of districts in which the corporation may institute suit is largely increased. Section 1 of that act provides that, in cases wherein federal jurisdiction exists by reason of the diversity of state citizenship, suit may be brought in the district of the residence of either plaintiff or defendant. If railroad, insurance, manufacturing, commercial, and other corporations are to be deemed to be residents of the states in which they carry on business, as well as of the states under whose laws they were created, then a single corporation may have the right to sue in the federal courts of every state in the Union. Again, if a corporation may become a resident of a state by engaging in business therein, what character or amount of business must it carry on before it acquires a residence in the state. Neither the statute nor the authorities give us any guide or rule by which the fact of residence is to be thus established. The difficulties and uncertainties that would be created in the attempt to introduce this new rule upon the question of residence can hardly be estimated, but that they would be of the most serious character is apparent to every one, and that fact should have great weight in determining whether congress, in adopting the act of 1887 and the amendatory act of 1888, intended to introduce a radical change in the previously well-settled rule that corporations are deemed to be residents of the state under whose laws they are created, and cannot, by engaging in business in other states, change or affect such residence.

In the face of the repeated utterances of the supreme court upon that question, and the reasons given therefor, it does not seem to me that it can be held to be an open question, and that safety lies in following the rules thus given us. Therefore, I hold that the averment in the record that the defendant corporation was created a corporation under the laws of the state of Illinois in legal intendment precludes the idea that it could become a resident of Iowa, and it is thus sufficiently made to appear that the removal was sought by a non-resident defendant, within the meaning of the removal act.

The motion to remand is overruled.