NATIONAL TYPOGRAPHIC Co. *v.* NEW YORK TYPOGRAPHIC Co. *et al.*

(*Circuit Court, S. D. New York.* December 29, 1890.)

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP.
   Under Act Cong. March 3, 1887, providing that no suit shall be brought in the federal courts in a district other than that of defendant's residence, the circuit court will decline jurisdiction of a suit against a corporation created in a state other than that in which the court is sitting. Following *Filli* v. *Railway Co.*, 37 Fed. Rep. 65; *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1; *Myers* v. *Murray*, 43 Fed. Rep. 695.

2. SAME—PRACTICE.
   A motion to set aside service of process because of defendant's non-residence will not be granted where his residence is in dispute, and there has been no opportunity to cross-examine him as to his statements in the affidavit on which the motion is based.

On Motion to Set Aside Service of Process.

Act Cong. March 3, 1887, provides, *inter alia*, that no suit shall be brought in the federal circuit and district courts in a district other than that of defendant's residence.

*Betts, Atterbury, Hyde & Betts*, for complainants.

*Kerr & Curtis*, for defendants Hall and Starring.

LACOMBE, Circuit Judge. After a careful perusal of the very able briefs submitted on both sides, and an examination of the decisions which have been rendered in the circuit courts since the passage of the act of 1887, I have reached the conclusion to abide by the rule laid down in this circuit in *Filli* v. *Railway Co.*, 37 Fed. Rep. 65, and in the eighth circuit, in *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1, and *Myers* v. *Murray*, 43 Fed. Rep. 695, rather than follow the one adopted in the fifth circuit in *Zambrino* v. *Railway Co.*, 38 Fed. Rep. 449, and in the third circuit in *Riddle* v. *Railroad Co.*, 39 Fed. Rep. 290. It is unnecessary to add anything to the discussion of the question in the various cases above cited. In view of the language of the supreme court in *Insurance Co.* v. *Francis*, 11 Wall. 210; *Ex parte Schollenberger*, 96 U. S. 377; *Railroad Co.* v. *Koontz*, 104 U. S. 5; and *Goodlett* v. *Railroad Co.*, 122 U. S. 391, 7 Sup. Ct. Rep. 1254,—the safe rule for the circuit courts seems to be to decline jurisdiction in cases such as this.

The motion to set aside service of process is granted as to the defendant the New York Typographic Company, and the other defendants except Starring and Hall. As to the latter, it is denied. Hall is concededly a resident of the district, and the objections raised on his behalf cannot be decided on this motion. As to Starring, the question of residence is in dispute, and the motion should not be granted where there has been no opportunity to cross-examine him as to the statements in his affidavit. As to the other defendants, their non-residence was practically conceded on the argument.