MERCHANTS' NAT. BANK et al. v. CHATTANOOGA CONSTRUCTION CO.

(Circuit Court, E. D. Tennessee, S. D. December 30, 1892.)

1. CIRCUIT COURTS—JURISDICTION—DIVERSE CITIZENSHIP.
When the citizenship is diverse, and plaintiff is a resident of the district, it is not necessary that he shall also reside in the particular division of the district where the suit is brought.

2. SAME—CREDITORS' BILL—JUDGMENT OF STATE COURT.
A creditors' bill may be maintained in a federal court upon a judgment procured in a different state from that in which the court sits. Stutz v. Handley, 41 Fed. Rep. 537, 11 Sup. Ct. Rep. 530, and 139 U. S. 417, followed.

3. SAME—SERVICE OF PROCESS.
In a creditors' suit in a federal court, based on the judgment of a state court, it was claimed that the latter judgment was void for want of service. It appeared from the sheriff's return that defendant (Chattanooga Construction Company) was not found in his county, but there was indorsed on the process, as of the day following the return, the following: "Service acknowledged. Copy and process and all further service waived. The Chattanooga Construction Co. of West Va. By B. J. Robertson, President." The record also showed that defendant company had recently built a railroad through the county, and there was nothing to show that there was any fault or failure in respect to defendant having been properly brought into court. Held, that the presumption was in favor of the action of the state court, and it must be held that defendant was properly before it.

4. CREDITORS' BILL—EQUITY JURISDICTION.
A creditors' bill brought against a railroad construction company, among other things prayed an injunction, and the appointment of a receiver, and alleged that the same persons engaged in building the railroad organized the construction company; that nearly all the bonds of the railroad company were issued to it; that the railroad company was insolvent, and in the hands of a receiver, and a decree of foreclosure had been rendered; that the promoters of both companies acquired control of large quantities of the bonds, and in equity held the same as trustees for defendant; that they conspired to strip defendant of its assets, and in pursuance thereof diverted large sums of money from its treasury, and pledged its bonds for debts for which it was not liable; and that defendant was insolvent. Held, that these allegations were sufficient to sustain equity jurisdiction, although the creditors had not procured judgments as the basis of the suit.

In Equity. Bill by the Merchants' National Bank and others against the Chattanooga Construction Company for an injunction, the appointment of a receiver, and for other relief. Decree for complainants.

Calhoun, King & Spalding, J. B. Branham, Dabney & Fouche, and Barr & McAdoo, for plaintiffs.

Clark & Brown and Watkins & Bogle, for defendant.

KEY, District Judge.    The complainants aver that they are citizens of this district, and that defendant is a corporation of West Virginia. Defendant has filed a plea alleging that complainant Carter is a citizen of Kentucky and that complainant Rogan is a citizen of the northern division of this district, the court for which is held at Knoxville, and that he cannot sue in this division of the district.    As to Carter, the testimony satisfactorily establishes that he is a citizen of Tennessee, and of this division of this district.    There is no dispute as to the fact that Rogan resides in the northern division of the district, and is a citizen of that division.    He is a citizen of this district, and the law provides: "But where jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."    The terms of the law are clear and unambiguous. The suit must be brought in the district, not in any particular division of the district.    This suit is brought in the district of Rogan's citizenship, precisely as the law by its words requires.

The bill is filed by several parties claiming to be creditors of the defendant.    They are creditors at large, without judgments, except Carter & Rogan, who claim to have obtained judgment in a state court in Georgia.    Defendant has not answered the bill, but demurs to it.    The material points of the demurrer are:    (1) That judgment must be obtained at law before complainants can maintain a bill like the present, and that none of complainants have such judgments; that Carter & Rogan's judgment is void.    (2) That, if it be not void, it is a judgment of a state different from the one in which this court is held, and that, before a court of equity can lay hold of the case, there must be a judgment in a court of this state.    There was no service of process upon the defendant in the state court.    The copy of the record shows that there were two defendants in the case in the state court, that one of them was served with process and copy on the 22d of December, 1891, and that the defendant in this cause was not to be found in the county in which the suit was brought; but following the return of the sheriff this appears: "Service acknowledged.    Copy and process and all further service waived.    12—23—91.    The Chattanooga Construction Co. of West Va.    By B. J. Robertson, President."    The defendant insists that the record ought to show affirmatively that Robertson was within the jurisdiction of the court, and subject to its process, when he made this acknowledgment, and because it does not so appear the judgment is void.    It will be observed that the record shows that the acknowledgment is of the date of the day following the sheriff's return; that the defendant had recently built a railroad through the county in which the court was held; and there is no averment or a word of proof in that court or this that there was any fault or failure in respect to defendant's having been properly brought into court, so that the circumstances well-nigh prove the presence of Robertson within the jurisdiction of the court at the time he acknowledged service.    But, aside from this, presumptions, if indulged at all, are in favor of the action and proceedings of the court, and not against it.    If this be so, the judgment cannot be held void for want of process or its service.

As to whether this judgment, as that of a state different from the one in which this court is held, is such judgment as will authorize this court to assert and maintain jurisdiction of a creditors' bill, is a serious question. Many state courts and some decisions in federal courts have held that jurisdiction does not follow such judgments. I think, however, that the weight of authority is the other way. In the case of Stutz v. Handley, 41 Fed. Rep. 537, Judge Jackson of this circuit held that the bill in that case was properly filed under the authority of Hatch v. Dana, 101 U. S. 205, and that no valid objection could be raised to the form of the suit. This case went to the supreme court, and is reported in 139 U. S. 417--438, 11 Sup. Ct. Rep. 530. The bill was filed in Nashville, Tenn., and was a general creditors' bill. In Handley v. Stutz, 139 U. S. 419, 11 Sup. Ct. Rep. 530, it is stated that the bill in that case "averred that the plaintiffs were judgment creditors of the company, by judgments obtained in the courts of Kentucky." Here we have a case brought and decided in a circuit court of the United States in Tennessee in behalf of creditors whose claims rested on judgments obtained in Kentucky,—a creditors' bill, which went to the supreme court of the United States, and that court maintained jurisdiction of the case, and decided it on its merits. The authority of the learned circuit judge and of the supreme court is sufficient to control me without searching for further or other reasons. I conclude, therefore, that, so far as Carter & Rogan are concerned, they have a valid judgment, and, founded upon that, have a standing in this court, even though no execution had issued thereon.

The other complainants have no judgments. Can the bill be maintained as to them? The bill seeks the appointment of a receiver, who may take charge of the assets of the defendant, and apply them to the debts of defendant. It alleges, among many other things, that the same persons who were engaged in building the Chattanooga Southern Railroad from Chattanooga, Tenn., or rather from the line between Tennessee and Georgia, near Chattanooga, through Georgia and Alabama, to Gadsden, in Alabama, called into existence the defendant to act as a contractor, and that they might have a legal person absolutely subject to their domination to whom the bonds of the railroad company might be issued; that said bonds, except 45, were issued to defendant; that said railroad company is now in the hands of a receiver; that a decree of foreclosure of the mortgage securing the bonds has been obtained, providing for the interests of the bondholders in its sale and purchase; that the same persons were the real owners and controllers of the railroad company and the defendant, and held fiduciary relations to the defendant, and have acquired the control of large quantities of said bonds, which in equity they hold as trustees for the defendant; that it has been their effort to strip the defendant of its assets, and that it is left without tangible assets, and it is insolvent, and unable to pay its debts, unless the court interposes. It is alleged that it is the purpose of the parties controlling both the railroad and defendant to use the bonds of the defendant in a reorganization scheme by which the bondholders are to purchase the road; that large sums belonging to the defendant have been diverted from the treasury of the defendant, and appropriated to various unau-

thorized purposes; that the officers and stockholders of defendant have combined and conspired to strip it of its assets, and leave it in an insolvent condition. Many instances are given in which it is alleged that the bonds of defendant have been hypothecated and pledged for debts for which defendant is not liable. The bill is full of averments, specific in their character, of violations of trust obligations, waste, and dissipation of assets, and acts of fraud, conspiracy, and confederation to defraud the creditors of defendant and to appropriate its means to the use of the officers and stockholders of the concern.

This bill is not answered. The demurrer admits its allegations. It seems to me that this bill does not fall within any case in which it has been held that a judgment at law, or return of execution nulla bona, or both, is necessary to maintain the bill. It is not an effort to reach equitable assets merely. It charges violation of trust; the dissipation and concealment of assets. It charges conspiracy, confederation, and fraud for the purpose of despoiling defendant of its assets, and leaving its creditors without redress; and all this is done, it is alleged, by its officers and stockholders, and these allegations are not denied. If a court of equity does not have original jurisdiction of this case, it would be difficult to conceive one in which it has. Bills in equity with far fewer elements of original jurisdiction have been maintained. In the case of Stulz v. Handley, 41 Fed. Rep. 537, already referred to, the court says of that suit: "Its object being to reach and subject a trust fund, complainants were not even required to have reduced their claims to judgment, and exhausted their remedy at law, after the insolvency of the company;" citing Case v. Beauregard, 101 U. S. 688-690. Judge Harlan says in Mellen v. Iron Works, 131 U. S. 367, 9 Sup. Ct. Rep. 781: "The removal of alleged liens or incumbrances upon property, the closing up of affairs of insolvent corporations, and the administration and distribution of trust funds, are subjects over which courts of equity have general jurisdiction." This quotation seems to justify the second headnote of the case, which is criticised, somewhat, in the case of Atlanta & F. R. Co. v. Western Ry. Co., 50 Fed. Rep. 790, 1 C. C. A. 676.

I regard the decisions of our circuit judge and the decisions of the supreme court as sustaining original jurisdiction of a court of equity in cases which possess fewer attributes of jurisdiction than the case we have before us has. Defendant's counsel have shown great industry, learning, and ability in the cases cited, arguments delivered, and reasons enforced, but, without entering into any analysis of the cases produced by them or by complainants' solicitors, it is sufficient to say that, in my opinion, this bill is one of original equitable cognizance, and that a receiver should be appointed for the purposes and with the powers prayed for, who will be required to give bond with sufficient sureties in the penalty of $25,000. It is further ordered that an injunction issue as prayed for on bond and surety therefor in the penalty of $10,000.