OVERTON, J.
 

 This is a suit for $5,000, with 5 per cent, per annum interest thereon from January 0, 1930, and for all costs taxed in suit No. 4468, Lawrason v. Richard, of the docket of the Nineteenth district court in and for the parish of Bast Baton Rouge.
 

 The cause of action rests upon the ground that, on the night of May 18, 1929, between the hours of 1 and 2 a. m., plaintiff was seriously injured while riding as a guest in the automobile of Eugene Gordy Richard, Jr.; the automobile being owned and driven at the time by Richard; the accident and resulting injury occurring in the parish of East Baton Rouge, on the Greenwell. Springs road. The suit also rests upon the ground that Richard was protected, at the time of the accident, by liability insurance for bodily injuries or death by a policy, written by defendant, in the sum of $5,000, with interest from date of judgment, and all costs of court. It also rests upon the ground that plaintiff brought suit against Richard in the Nineteenth district court in and for the parish of East Baton Rouge for the injuries resulting by reason of the accident, of which accident defendant had notice, caused an investigation to be made, and defended the suit in Richard’s name and behalf, the suit resulting, on January 6, 1930, in judgment for plaintiff against Richard, in the sum of $12,000, with 5 per cent, per annum interest from judicial demand until paid, from which judgment no suspensive appeal was taken. The cause of action also rests upon the ground that the policy, written to protect Richard against liability, contains the following clause, which is written in obedience to Act No. 253 of 1918, to wit:
 

 “It is agreed that the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life iof the policy, and, in case of such insolvency or bankruptcy, an action may be maintained by the injured person or his or her heirs against the company, under the terms of the policy for an amount not exceeding the limits of the policy.”
 

 The cause of action also rests upon the ground that on January 17,1930, Richard was adjudicated a bankrupt, in the District Court of the United States for the Western District of Louisiana.
 

 Defendant filed four exceptions to this suit: First, an exception of want of jurisdiction ratione personse; second, nonjoinder of necessary parties plaintiff; third,1 want of legal interest in the plaintiff; and fourth, no cause of action.
 

 The exception to the jurisdiction of the trial court has, as its basis, the fact that, as appears from the petition, defendant is domiciled in the parish of Orleans, where, it is urged, it should be sued, instead of in the parish of East Eaton Rouge, where plaintiff received his injuries.
 

 It is a general rule in civil matters that one must be sued at his domicile. Code of Practice, art. 162. However, to this pule there are a number of exceptions. Among these exceptions is the one numbered 10, in article 165 of the Code of Practice, as amended and re-enacted by Act No. 130 of 1926, which exception reads as follows:
 

 ‘ “In all suits on a policy of fire, life, marine, or accident insurance or sick benefit insurance, the defendant may be sued at the domi
 
 *1080
 
 cile of the insurance company, or in the place where its principal agency is established, or in the parish where the loss occurred, or in case of life insurance, at the domicile of the deceased or his beneficiary, or in the case of accident insurance, at the domicile of the insured, or in the parish where the accident occurred, or in the parish where the accident policy was written, and in case of sick benefits at the place where the claimant resides at the time of his sickness.”
 

 The petition, on the face of which the exception was tried, leaves no doubt that the accident occurred in the parish of East Baton Rouge, where this suit was instituted, and therefore it would seem that the suit was properly brought there. But defendant contends that the policy, written by it, is liability insurance and not accident insurance, and, as liability insurance is not named in the exceptions to the general rule, fixing the place where one should be sued, the exceptions to that rule do not apply in this case. The petition, however, makes it clear that while the policy was written primarily to indemnify Richard for loss for accidental injury caused by him, yet, in obedience to Act No. 253 of 1018, the policy contains a clause, quoted above, granting an action to the injured person or his heirs against the company, under the terms of the policy, for an amount, not exceeding the limits of the policy, in the event of the insolvency or bankruptcy of the insured. This makes the policy, under the conditions named, inure to the benefit of the injured party, and makes it, in effect, one of accident insurance in favor of the person injured, when the accident is caused by the insolvent or bankrupt. Therefore, the suit comes clearly within the tenth exception to the general rule of domicile, established in article 165 of the Code of Practice. We need not go further and decide whether or not liability insurance against loss, by reason of injury by accident, may be classed as accident insurance within the meaning of the tenth additional exception to the general rule of domicile, quoted supra. The exception to the jurisdiction was properly overruled.
 

 The exception of nonjoinder seems to rest upon the fact that the trustee of Richard’s bankrupt estate was not made a party to the suit. The theory of the exception is that as the indebtedness here sued upon is an indebtedness of Richard, so also is anything payable under-the policy an asset of the bankrupt estate, and recoverable only by the trustee. As we have said, in passing on the preceding exception, when Richard was adjudicated a bankrupt, under the terms of the policy, the policy inured to plaintiff, and became'payable to him as much so as if it had been originally issued to him to insure him against accidental personal injury that might be caused by Richard. In these circumstane es, there was no occasion to make the trustee a party to the suit.
 

 There is no merit in the exception of want of interest in plaintiff and the exception of no cause of action, as sufficiently appears from the statement of the case and what we have already said. These two exceptions are not discussed in defendant’s brief. They were properly overruled.
 

 Eollowing the overruling of these exceptions, defendant filed its answer. In it, defendant admits the material allegations of plaintiff’s petition, but denies that plaintiff was Richard’s guest at the time of the accident, and sets up confessedly the same defenses that Richard pleaded in plaintiff’s suit against him, in which plaintiff recovered the $12,000 judgment. In short, defendant proposed to try again the suit against Richard in the suit against it.
 

 
 *1082
 
 Plaintiff ruled defendant to show cause why the averments in its answer, setting up the same defenses that Richard had set up in the ease against him, should not he struck from the answer, and judgment rendered in his favor against defendant. The trial judge struck the averments from the answer, and rendered judgment for plaintiff for the amount demanded in his petition, the judgment resting upon the face of the papers.
 

 Defendant urges that it was not a party’ to the suit against Richard, though concedes that, in pursuance of its policy obligations, it defended that suit in the name and behalf of Richard, through its counsel.. Therefore, defendant admits that it had notice of the pend-ency of the suit. Having had notice of the pendency of the suit, no matter how obtained, and having failed to intervene in the suit and set up such defenses as it saw proper, though having had full opportunity to do so, it is, in this class of litigation, bound by the result. Quoting from New Orleans Great Northern Railroad Co. v. S. T. Alcus
 
 &
 
 Co., 159 La. 36, 105 So. 91, 94, in which a similar point was decided, it was said:
 

 “Defendant company is therefore concluded as to all questions determined therein [referring to a prior suit] which are material to a recovery against it. Fidelity & Deposit Co. v. Hardman et al., 132 La. 525, 61 So. 559.
 

 “The rule is thus stated in Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712, through White, J., as the organ of the court:
 

 “ ‘As a deduction from the recognized right to recover over, it is settled that where one having such right is sued, the judgment rendered against him is conclusive upon the person liable over, provided notice be given to the latter, and full opportunity be afforded him to defend the action.’
 

 “In the same opinion, the court cited the Oceanic Steam Navigation Co. Case, 144 N. Y. 663, 39 N. E. 360, in which the rule is thus stated:
 

 “ ‘It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record.’ ”
 

 The rule thus announced fits the facts of this qase perfectly.
 

 It may be said, in passing, that the case of plaintiff against Richard, in which the $12,-000 judgment was recovered, was on devolutive appeal, affirmed by the Court of Appeal, First circuit (129 So. 250), and, on a writ of review granted to that court, was affirmed on its second hearing in this court, by judgment this day rendered. See Lawrason v. Richard, ante, p. 696, 135 So. 29.
 

 The judgment herein is affirmed.
 

 BRUNOT, J., dissents.