ANDERSON et ux. v. STANDARD ACCI-
DENT INS. CO.

No. 91 Civ. A.

District Court, E. D. Louisiana.
Baton Rouge Division.

Dec. 18, 1940.

**8**

J. Elton Huckabay, Justin C. Daspit, and Claude E. Fernandez, all of Baton Rouge, La., for plaintiffs.

Eraste Vidrine and James G. Schillin, both of New Orleans, La., for defendant.

## CAILLOUET, District Judge.

The plaintiffs, citizens of Louisiana, residing within the New Orleans Division of this Eastern District of Louisiana, bring their suit in the Baton Rouge Division of said District, against the defendant foreign corporation, incorporated under the laws of Michigan, and domiciled in the City of Detroit, on the theory that said defendant being duly authorized to do business in this State, and being actually so doing, has for its agent for the service of process the Secretary of State, and may, therefore, be sued at the domicile of said officer which, it is alleged, is the only "domicile" within this State that said foreign corporation may be said to have, and because, so plaintiffs contend, such defendant can not be sued except at its said "domicile".

The defendant corporation carried public liability insurance upon the automobile of one Peter Ferrara, which was the car involved in the fatal accident that resulted in the death of Mary Anderson, the minor daughter of the plaintiffs. The accident took place within the limits of the New Orleans Division of the Eastern District of Louisiana.

This damage suit for her death is brought against the insurer alone.

Peter Ferrara, the assured, is alleged to be also residing, as do plaintiffs, within the New Orleans Division of the Eastern District of Louisiana.

When the jurisdiction of the Court, in any civil suit, is founded exclusively on the fact that the action is between citizens of different states, such suit must be brought only in the district of the residence of either the plaintiff or the defendant. Jud. Code § 51, as amended, 28 U.S.C.A. § 112.

Despite the positive language of this venue statute, which reads: "* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant", it is well settled that these provisions do not operate as a deprivation of the original jurisdiction conferred upon federal District Courts by Jud.Code § 24, as amended, 28 U.S.C.A. § 41, as to all suits "between citizens of different States", where the value of the matter in controversy, exclusive of interest and costs, exceeds $3,000; but merely accord and establish a privilege concerning the place where a defendant may be sued; and such privilege may be waived either before or after suit, or simply by failing to assert it. McLean v. State of Mississippi ex rel. Roy, etc., 5 Cir., 1938, 96 F.2d 741, 119 A.L.R.

670, and United States Supreme Court cases therein cited.

In this civil suit, now before the Court, the Eastern District of Louisiana is the district of the residence of the two plaintiffs.

■ The corporation's place of residence can legally be nowhere else than within the limits of the sovereignty that created it. No corporation can change its domicile at will, and although one may be permitted to transact business where its charter does not operate, this does not bring about a "residence" beyond the limits of the State where the corporation had its legal birth. Germania Fire Insurance Company v. John R. Francis, 1871, 78 U.S. 210, 11 Wall. 210, 20 L.Ed. 77; Booth et al. v. St. Louis Fire Engine Mfg. Co., etc., C.C.E.D.Mo.E.D., 1889, 40 F. 1; Myers et al. v. Murray, Nelson & Co., C. C.S.D.Iowa, W.D., 1890, 43 F. 695, 11 L. R.A. 216; Baughman v. National Water-Works Company, C.C.W.D.Mo.W.D., 1891, 46 F. 4; Babcock & Wilcox Co. et al. v. Spaulding et al., etc., 1 Cir., 1936, 86 F.2d 256.

■ When federal jurisdiction depends exclusively on diversity of citizenship, a corporation can only be sued in the state of its incorporation or in the district of the plaintiff's residence. Southern Pacific Co. v. Denton, 1892, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942.

■ This suit, therefore, was properly brought in the Eastern District of Louisiana.

The real question at issue is: Did plaintiffs have the legal right to bring the suit in the Baton Rouge Division, and should it now be transferred for trial to the New Orleans Division?

■ Under 28 U.S.C.A. § 114, when, by statute, a District contains more than one division, such as is the case with respect to the Eastern District of Louisiana, every suit (not of a local nature) against a single defendant must be brought in the division wherein he resides, unless such privilege be waived expressly or impliedly.

■ Since this provision only applies when a suit is brought within the District where the defendant actually resides, it has no application here in determining the question whether plaintiffs may maintain their present suit in the Baton Rouge Division, rather than in the New Orleans Division, of this Eastern District of Louisiana: the defendant foreign corporation does not reside in the District. Reich v. Tennessee Copper Co., D.C.E.D. Tennessee, S.D., 1913, 209 F. 880; Sartor et al. v. United Gas Public Service Co. Inc., D.C.W.D. Louisiana, Monroe Division, 1933, 3 F.Supp. 946; Sartor et al. v. Arkansas Nat. Gas. Co., D.C.W.D. Louisiana, Monroe Division, 1933, 7 F.Supp. 1016.

The suit here in question is not of a local nature, and it is against a single defendant; but the defendant does not "reside" in the Baton Rouge Division, nor within any other portion of the Eastern District. Gray v. Reliance Life Ins. Co. of Pittsburgh, et al., D.C.W.D. Louisiana, 1938, 24 F.Supp. 144; 23 American Jurisprudence, 524.

Plaintiffs' counsel, however, earnestly contend that, under Louisiana law, the defendant foreign corporation, for the purposes of this suit, has the domicile of the Secretary of State as its legal domicile, and that, therefore, the action was properly brought, and should be maintained, in the Baton Rouge Division, since that officer is domiciled in the City of Baton Rouge, and has been instituted the agent of the corporation for the service of process, by virtue of the Louisiana Act No. 105 of 1898.

This is clearly untenable, even if this court's decision, under the circumstances, were to be governed by Louisiana law; which it is not.

■ The general rule that, in civil matters, one must be sued at his domicile (Louisiana Code of Practice, Art. 162), gives way to various exceptions; as, for instance, those contained in paragraph 10 of Art. 165 of said Code (as amended by Act No. 156 of 1934), viz.:

"10. *Insurance.* In all suits on a policy of * * * accident insurance * * * the defendant may be sued at the domicile of the insurance company, or in the place where its principal agency is established, * * * or * * * at the domicile of the insured, or in the parish where the accident occurred, or in the parish where the accident policy was written, * * * *".

Liability insurance, such as is alleged to be here involved, is accident insurance, inasmuch as said insurance has for its primary purpose, indemnification of the assured against the effects of accidents resulting in bodily injury and/or death to

others, and for which the assured is legally liable. State v. Ætna Life Ins. Co., 69 Ohio St. 317, 69 N.E. 608, 610; Lawrason v. Owners' Automobile Ins. Co. of New Orleans, 172 La. 1075, 136 So. 57, 77 A.L.R. 1412.

Notwithstanding the appointment of a local agent for the service of process upon a foreign corporation, its domicile remains unchanged, and it is still a foreign corporation with but its one original domicile located in the State of its incorporation. Were this not so, and the appointment of such agent operated a transfer of domicile, or added a new domicile, then, in a case where jurisdiction depends exclusively upon diversity of citizenship, such diversity could not legally be asserted to exist and a District Court, as would be the case in this present action, would find itself without jurisdiction to entertain the suit. Barber Asphalt Paving Co. v. City of New Orleans, 1889, 41 La.Ann. 1015, 6 So. 794; Simms Oil Co. v. Wolfe, Tax Collector, etc., 5 Cir., 1925, 6 F.2d 504.

The defendant foreign corporation, even under Louisiana law and jurisprudence, has no other domicile than its original one, located within the State whose laws gave it corporate existence. It is not domiciled in the State of Louisiana; it is asserted to be a foreign corporation, and were it not so, this Court would be without jurisdiction.

In any event, the operation of no State law respecting the venue of causes can impair the jurisdiction and power of the District Courts of the United States. Goldey v. Morning News of New Haven, 1895, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; East Tennessee, V. & G. R. Co. et al. v. Atlanta & F. R. Co., C.C.S.D. Georgia, W.D., 1892, 49 F. 608, 15 L.R.A. 109; Butler Bros. Shoe Co. v. U. S. Rubber Co., 8 Cir., 1907, 156 F. 1; Creager v. P. F. Collier & Son Co. et al., D.C.S.D. Texas, Brownsville, 1929, 36 F.2d 781; Junk v. R. J. Reynolds Tobacco Co., D.C.W.D. Virginia, 1938, 24 F.Supp. 716.

Because the defendant foreign corporation is not domiciled in Louisiana, and, naturally, does not reside in the Baton Rouge Division of this Eastern District of Louisiana, the provisions of 28 U.S.C.A. §§ 113 and 114 do not here apply, and because the plaintiffs do reside in said Eastern District they were compelled, under the circumstances, to bring their suit in that district, and nowhere else, in keeping with the requirements of 28 U.S.C.A. § 112.

The terms of the statute are clear and unambiguous. Their suit had to be brought in the District wherein they resided; since the defendant, as a matter of course, resided in neither of the two Louisiana Districts, they were left no choice as to venue.

They, therefore, brought the suit in the District of their residence; that the law required of them, but no more. It was not necessary that such residence be within the limits of the district's particular division wherein the filing was done. Merchants' Nat'l. Bank et al. v. Chattanooga Construction Co., C.C.E.D. Tennessee, S.D., 1892, 53 F. 314; Dinzy v. Illinois Central R. R. Co., C.C.N.D. Iowa, Cedar Rapids Division, 1894, 61 F. 49; Reich v. Tennessee Copper Co., D.C.E.D. Tennessee, S.D., 1913, 209 F. 880; United States v. Southern Ry. Co., D.C.E.D. Tennessee N.D., 1921, 285 F. 766; Hughes Federal Practice, 1931, Vol. 3, p. 376, § 2150.

In view of the foregoing and considering the equally clear and unambiguous provisions of 28 U.S.C.A. § 119, relative to the transfer of civil causes from one division to another in the same district, only on the "written stipulation" of the parties or their attorneys of record and the "written order" of the Judge, the plaintiffs, in the present state of the record, may maintain their action in the Baton Rouge Division.

There is no question here of a case made returnable, by inadvertence, in a division other than that in which the defendant resides; under such circumstances, and granting the making of proper service, the District Court, whose jurisdiction extends to the uttermost limits of the District and is operative throughout its area, may order the transfer of the case for trial from the wrong to the proper division. Tyler et al. v. Stanolind Oil & Gas Co. et al., 5 Cir., 1935, 77 F.2d 802, at page 804; Sanders v. Royal Indemnity Co., Inc., D.C.W.D. Louisiana, Monroe Division, 1929, 33 F.2d 512.

Defendant's motion to dismiss plaintiffs' suit for alleged improper venue and lack of jurisdiction rationae personae must, therefore, be denied; and the appropriate decree may be presented.