(79 South. 334)

No. 22620.

UNION TANK LINE CO. v. DAY, Sheriff, et al.

(June 29, 1918.)

(Syllabus by Editorial Staff.)

1. TAXATION ⬤═164 — ASSESSMENT OF ROLLING STOCK—"DOING BUSINESS."

A New Jersey tank line company, having a principal office in New York City, whose business is owning, repairing, and leasing tank cars to railroads and others, business of operating cars being that of lessees, and company having no office, place of business, agent, or employé in Louisiana, is not "doing business" in state within Act No. 281 of 1914, § 1, authorizing assessment

---

[1] Ante, p. 766.

of rolling stock of foreign corporations doing business in state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. TAXATION ⬤═252 — ASSESSMENT — TAXING DISTRICT.

Property can be assessed only in the taxing district within which it is situated.

3. TAXATION ⬤═4—ASSESSMENT—SITUS.

For property with no fixed situs, as rolling stock used on railroads, the Legislature may fix an assessment situs.

4. TAXATION ⬤═286 — ASSESSMENT OF TANK CARS—SITUS.

The state board of appraisers could not assess as if situated in the parish of East Baton Rouge, tank cars of a tank line company leased to railroads and distributed over the railroads throughout the state; if the cars were assessable at all, the assessment would have had to be made for each parish wherein they happened to be situated, or in each parish for its proportional part of the average whole in the state.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action to annul an assessment by the Union Tank Line Company against Robert B. Day, Sheriff, and others. From judgment for plaintiff, defendants appeal. Affirmed.

A. V. Coco, Atty. Gen., Wylie M. Barrow, Asst. Atty. Gen., John Fred Odom, Dist. Atty., L. D. Beale, City Atty., and A. J. Thomas, all of Baton Rouge (Harry P. Sneed, of New Orleans, of counsel), for appellants. James Legendre and Eugene J. McGivney, both of New Orleans, and Campbell, Harding & Pratt, of New York City, for appellee.

PROVOSTY, J. Plaintiff contests an assessment made of its property for taxation as unauthorized, and, moreover, as irregular, even if authorized.

"An assessment of taxes must be made under authority of a statute and in accordance with its provisions." 37 Cyc. 988. "The statute must not only provide what property shall be taxed, but it must provide methods for the valuation of such property, and clothe some person, officer, or tribunal with power and authority to assess such valuation; and, if the statute

contains no such provisions, it will be insufficient to subject such property to taxation." State Board of Tax Commissioners v. Holliday, 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826. "It is essential to the validity of an assessment that it be made by the officer or other agency authorized by law to make it." 27 A. & E. E. of L. 664. "All property shall be taxed in proportion to its value to be ascertained as directed by law. * * * The Legislature shall provide a system of equality and uniformity in assessments." Const. art. 225.

The law relied on for authority to make the said assessment is the third paragraph of section 1 of Act 281, p. 562, of 1914, which reads as follows:

"That the state board of appraisers, as created by article 226 of the Constitution of 1913, be and are hereby authorized · to levy an assessment upon such values as may be fixed by them as fair and just upon all rolling stock of foreign corporations doing business in this state, the same to be proportioned to the total amount of rolling stock of said corporations, upon such basis as may be fixed by the said board, which property is hereby made subject to assessment and taxation under this act, the same as all other property."

There are other laws providing for the assessment of property in this state, but they, admittedly, have no application in the present case, and are not being invoked for sustaining the said assessment.

[1] It will be noted that the rolling stock which the said law authorizes the said board to assess is that of foreign corporations "doing business in this state." Plaintiff is a New Jersey corporation, and has its principal business office in the city of New York, state of New York. Its business consists in owning and keeping in repair and leasing to railroads and others tank cars. Its leases are made in New York, and its rents are paid there. It receives a certain mileage from the railroads over which its tank cars are operated by the lessees; but this is part of the rental, and is paid as such in New York. The business of operating the cars is entirely that of the lessees. Plaintiff has no office, place of business, agent, or employé in Louisiana. Under these circumstances we must hold that plaintiff is not "doing business" in this state, and that therefore the said law does not confer authority upon said board to make the assessment of its property.

[2-4] The other ground of objection is equally well taken. The property of plaintiff has been assessed as if situated in the parish of East Baton Rouge; whereas, as a matter ·of fact, it is distributed over the railroads throughout the state. No law that we know of authorizes the assessment and taxation in East Baton Rouge parish of property situated in the other parishes of the state. It goes without saying that property can be assessed only in the taxing district within which it is situated. For property with no fixed situs—and plaintiff's property is of that character—the Legislature may fix an assessment situs (Marye v. B. & O. R. R. Co., 127 U. S. 117, 8 Sup. Ct. 1037, 32 L. Ed. 94), but this was not done in the present case. Hence if said property was assessable at all by said board the assessment would have had to be made for each parish wherein it happened to be situated, or in each parish for its proportional part of the average whole within the state.

The fact that plaintiff has not established a place of business in the state, or appointed an agent, cannot be made to supply or serve for legislative, authority to make the assessment. The necessary legislative authority could be conferred only by the Legislature.

The judgment annulling the assessment is affirmed.

O'NIELL, J., concurs in the decree.