The judgment appealed from is therefore Affirmed.

---

(85 South. 613)

No. 23599.

CONSTANTIN REFINING CO. v. DAY, Tax Collector.

(June 10, 1920. Rehearing Denied June 30, 1920.)

(Syllabus by Editorial Staff.)

1. Taxation &#9758;252 — Legislature cannot fix situs of property at place where it has never been.

The Legislature cannot fix the situs of property for purposes of local taxation by any of the political subdivisions of the state, as a parish, in a subdivision where the property has never been.

2. Taxation &#9758;146—Refining company a "corporation operating rolling stock over any railroad."

Oil refinery owning oil cars hauled by railroads held a "corporation operating rolling stock over any railroad," within Act No. 9 of 1917 (Ex. Sess.), relative to taxation of rolling stock.

3. Taxation &#9758;499—Suit complaining of overvaluation is in reduction of assessment.

Overvaluation in an assessment cannot entail nullity of the entire assessment, but only of the part in excess of the legal limit, so that a suit wherein overvaluation is complained of is one in reduction of assessment, and can be entertained only if the taxpayer has made a return to the assessor and only if filed before the 1st of November in the year when the assessment is made.

4. Taxation &#9758;500—Reduction of assessment not decreed in suit for cancellation.

Reduction of an assessment cannot be decreed in a suit for its cancellation.

5. Taxation &#9758;113—Statute authorized assessment of rolling stock in 1917.

Act No. 9 of 1917 (Ex. Sess.), relative to the taxation of rolling stock, held to authorize an assessment of a refining company's oil cars for the year 1917, in view of section 3.

6. Taxation &#9758;392—Assessment of refinery's cars on basis of one each 5,000 miles traveled by all not unfair.

Assessment of oil cars of refinery company, under Act No. 9 of 1917 (Ex. Sess.), on basis of one car for each 5,000 miles all the cars of the company traveled in the state during the year of assessment, held not improper or unfair.

7. Taxation &#9758;42(2)—Statute taxing rolling stock not unconstitutional for exception of railroads.

Act No. 9 of 1917 (Ex. Sess.), under which a refinery's oil cars were assessed, held not violative of Const. art. 242, in its exception in section 12 of the rolling stock of any regularly incorporated railroad.

8. Taxation &#9758;301 (3)—Legislature empowered to levy tax for current year in any month thereof.

Though by Const. art. 232, a limit is placed on the taxes which the Legislature may levy in

any one year, it is not forbidden to levy in August or at any other time a tax for the current year.

**9. Appeal and error ⬳1078(1) — Objections not referred to in brief waived.**

Objections to the statute under which taxes complained of have been levied, not referred to in the brief, are waived.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit for injunction by the Constantin Refining Company against R. B. Day, Tax Collector of the parish of East Baton Rouge. From judgment dismissing the suit and allowing attorney's fees, plaintiff appeals. Judgment affirmed in part; otherwise set aside, and injunction reinstated and made perpetual.

Howell, Wortham & Howell, of Thibodaux (E. M. Gallaher, of Tulsa, Okl., of counsel), for appellant.

A. V. Coco, Atty. Gen., and Arthur J. Thomas, of Baton Rouge (Harry P. Sneed, of New Orleans, of counsel), for appellee.

PROVOSTY, J. Plaintiff is an Oklahoma corporation. It operates a coal oil refinery at Tulsa, in that state. For shipping its products throughout the United States and Canada, including this state, it owns tank cars. These it fills at the refinery and there delivers to a railroad to be hauled to their destination and to be returned empty at the refinery. The railroad charges freight at regular rates, and accounts to plaintiff for three-quarters of a cent per mile on all consignments other than to plaintiff itself, and allows plaintiff a like rebate on consignments to plaintiff.

Act 9 of 1917 reads, in part, as follows:

"Section 1. * * * That the rolling stock of all nonresident persons, firms, partnerships, companies, associations, or corporations operating such rolling stock over any of the railroads within the state of Louisiana be, and it is, hereby declared to be engaged in the railway business.

"Sec. 2. * * * That the term rolling stock shall include any kind of locomotive, car or sleeping car used either for freight or passenger purposes, that may be operated over any railroad within this state.

"Sec. 3. * * * That all such rolling stock be, and it is, hereby declared to be subject to assessment and taxation for all purposes in the state of Louisiana, for the year 1917 and all subsequent years.

"Sec. 4. * * * That the board of state affairs, as created by Act 140 of 1916, is hereby vested with the authority to determine actual value of and to assess all such rolling stock for all taxable purposes, and all nonresident persons, firms, partnerships, companies, associations or corporations operating such rolling stock over any railroad in this state are hereby required to furnish to the said board of state affairs such reports of their operations as the said board may require, in order to enable the said board to determine actual value and to assess said rolling stock. .

"Sec. 5. * * * That the assessment as fixed by the board of state affairs of all such rolling stock being operated in this state by nonresident persons, firms, partnerships, companies, associations, or corporations shall be extended on the assessment roll of the parish and municipality where the capitol of the state of Louisiana is located, by the assessor of that parish, and shall pay all state taxes and all local taxes on said assessment to which it is subject in said parish and municipality; provided that where any such nonresident person, firm, partnership, company, association, or corporation has made a declaration of domicile and appointed an agent for the purpose of receiving service and citation in this state, as is now provided by law, then that such nonresident persons, firms, partnerships, companies, associations, or corporations shall be assessed at the domicile declared by it, for the purpose of service of citation, and the said assessment shall be extended on the assessment roll of that parish and municipality, as above set out.

"Sec. 6. * * * That all such rolling stock shall be assessed at its actual cash value or such percentage thereof as may be determined by the board of state affairs for state assessment purposes and the local taxing authorities for local assessment purposes, provided that such taxation shall be at the same percentage of value as other property assessed for state purposes and local purposes in that parish.

"Sec. 7. * * * That the value of all such rolling stock of nonresident persons, firms, part-

nerships, companies, associations or corporations shall be determined and assessed in this state in proportion to the total amount of rolling stock of said nonresident persons, firms, partnerships, companies, associations, or corporations under such fair and just rules and regulations as may be determined by the board of state affairs. * * *

"Sec. 10. * * * That it shall be the duty of all railroads operating in the state of Louisiana, to furnish to the board of state affairs, on blanks to be furnished by the said board to the railroad companies operating in the state of Louisiana, a true and accurate record of the car mileage made by the cars of the said nonresident persons, firms, partnerships, companies, associations or corporations, over their rails, within the state of Louisiana during the preceding calendar year. * * *

"Sec. 11. * * * That any nonresident person, firm, partnership, company, association, or corporation failing to make the report to the board of state affairs herein required, shall be assessed by the said board of state affairs with such number of cars as said board may otherwise determine to be just and fair.

"Sec. 12. That this act shall not apply to the rolling stock of any regularly incorporated railroad company, operating a railroad in the United States of America, the Dominion of Canada, or the republic of Mexico."

Plaintiff was assessed under this act for the year 1917 with 33.70 cars at $1,300 per car, and, on receipt from the defendant sheriff and ex officio tax collector of a notice that its property would be seized if the taxes due under said assessment were not paid, brought the present suit in January, 1918, enjoining the said officer from proceeding any further in the matter.

The grounds of the injunction are that the said act is unconstitutional, and that even if said act is constitutional the said assessment is nevertheless invalid.

The reasons assigned for the assessment being invalid are stated in the petition as follows:

"(a) Petitioner has not now and has never had, during the year 1917 or at any other time, any tank cars located in the parish of East Baton Rouge, nor has the said parish in any way ever become the situs of any property owned by petitioner.

"(b) Petitioner has never, during the year 1917 nor at any other time, had any cars used constantly and continuously upon any run or upon any railroad in the state of Louisiana, or in the parish of East Baton Rouge, so as to constitute a situs for taxation in said state or in said parish.

"(c) Petitioner has never, in the year 1917 or at any other time, been engaged in the railway business, or in the business of common carrier, in the state of Louisiana, or in the parish of East Baton Rouge.

"(d) Said assessment violates article 225 of the Constitution of Louisiana, being in excess of the actual cash value of the property sought to be subjected to taxation thereby. * * *

"(f) Even if said Act 9 of 1917 should be held constitutional and valid, it should be so construed and limited as to be prospective in operation, and not retrospective, levying a tax for the year 1917, when it only went into effect in August of that year.

"(g) Even if said act is constitutional and valid, petitioner cannot be assessed thereunder or compelled to pay taxes thereunder, because petitioner has never itself operated any of said cars in Louisiana, but has merely delivered such cars to the railroad companies for transportation, taking no part in the operation of same. Therefore, under the terms of sections 1 and 2 of said act, petitioner is not the person to be assessed therefor.

"(h) Said assessment was made against petitioner, not because petitioner had 33.70 cars in said state, or in said parish, but by arbitrarily assessing one car for each 5,000 miles traversed by petitioner's cars in the state in the year 1916; which method of assessment is not a just and equitable method.

"(i) The property thus arbitrarily assessed to petitioner never at any time constituted any part of the wealth of the state of Louisiana, or of the parish of East Baton Rouge, or of any school districts in said parish.

"(j) The assessment of the whole of said property in two entirely separate and distinct school districts in the parish of East Baton Rouge is double taxation and absolute confiscation, and violates the sections and articles of the state and United States Constitutions hereinabove pointed out."

[1.] The cars of plaintiff not having ever been in the parish of East Baton Rouge, the contention is that they could not be there assessed except for state taxation. Plaintiff concedes in the brief that the board

of state affairs, if thereto authorized by statute, could validly assess its cars operating in this state, and that for the purpose of state taxation the Legislature can fix the situs of the property at any point within the state; but plaintiff denies that for the purpose of local taxation by any of the political subdivisions of the state the Legislature can fix the situs of the property in a subdivision where the property has never been.

In that contention plaintiff is well founded. The rule in that regard is stated in 37 Cyc. 805, as follows:

"The situs of property for the purpose of taxation may depend either upon its physical presence within the taxing district, where it is of a corporeal nature, or upon the domicile of its owner within the jurisdiction of the taxing power, where it is of that intangible character which, by a fiction of law, follows the person of its owner. Of course, real estate is taxable only where it lies, and no state can impose taxes on land in another state; and the same is true of movable property which has a value of its own, instead of being merely the evidence, or representative, of value, and which has a visible and substantial existence. If located in the state it is taxable there by whomsoever owned; but if permanently situated in another state it is not taxable, although it belongs to a resident citizen. If, however, the property is only temporarily out of the state, it is still subject to taxation."

For all purposes of the local taxes in controversy therefore—parish, city, school, and road taxes—the said assessment is null. And this entails the nullity of the said local taxes.

The contention of plaintiff under paragraphs (c) and (g) is that plaintiff is not a "corporation operating rolling stock over any railroad," because the cars are not "operated" by plaintiff but by the railroads; and that therefore plaintiff does not come within the purview of said statute, and the cars should be assessed, if at all, to the railroads.

[2] While plaintiff is not operating the cars in the full sense of that word as applicable to railroading, it is operating them in the sense of being owner of them and using them in connection with its business; and manifestly the statute is aimed at just and precisely that kind of operation. The cars, not being owned by the railroads, could not well be assessed to the railroads.

[3, 4] The complaint embodied in paragraph (d) is simply one of overvaluation. Overvaluation in an assessment cannot entail the nullity of the entire assessment, but only of that part in excess of the legal limit. A suit wherein overvaluation is complained of is therefore one in reduction of assessment. Such a suit can be entertained only if the taxpayer has made a return to the tax assessor (Travelers' Ins. Co. v. Board of Assessors, 122 La. 129, 47 South. 439, 24 L. R. A. [N. S.] 388), and only if filed "before the 1st day of November in the year in which the assessment is made" (Orient Ins. Co. v. Board of Assessors, 124 La. 872, 50 South. 778). Plaintiff made no return, and the present suit was filed in January, 1918; the assessment being for the year 1917. Again, the present suit is distinctly for cancellation, not reduction, of the assessment, and reduction cannot be decreed in a suit for cancellation. Fidelity Mutual L. Ins. Co. v. Fitzpatrick, 125 La. 977, 52 South. 118, 136 Am. St. Rep. 359.

[5] The contention of paragraph (f), that said statute cannot be so construed as to authorize an assessment for the year 1917, is in direct opposition to the express requirement of section 3 of the act. And we know of no limitation upon the power of the Legislature to enact such a provision.

[6] In paragraph (h) plaintiff complains of the unfairness of the basis adopted for the assessment, to wit, one car for each 5,000 miles all the cars of plaintiff traveled in the state during the year; but plaintiff offers no explanation of why said basis is considered to be unfair. The only argument made in that connection is that, the said statute

not having gone into effect until August 4, 1917, it was not possible for the board of state affairs to have afforded plaintiff an opportunity to furnish the data upon which to base an assessment, or for said board to have procured said data elsewhere, and that no such opportunity was in fact afforded plaintiff.

Whether plaintiff was afforded this opportunity is a matter of denial on the part of the auditor and assistant secretary of plaintiff and of assertion on the part of the secretary of the said board. The former testifies that he knows of no request having been received by plaintiff from the said board to furnish said data, and that if such a request had been received he would surely have known of it. The secretary of the board testifies positively that notice to furnish said data was timely mailed to the plaintiff. And the probability is that such notice was mailed, and was received.

The mileage railroad reports which were used by the board in making the assessment were those of the year 1916, furnished by the railroads under a previous statute. But since the data thus furnished were precisely those which have to be furnished under said Act 9 of 1917, we do not see why they could not answer for the purpose of said assessment. If mileage is to be the basis of the assessment, it must necessarily be that of the previous year, since that of the current year cannot be known in advance.

It will be noted that plaintiff does not say that the said reports of mileage upon which the board thus acted were not correct.

Not content with thus assailing the validity of the assessment, plaintiff assails the validity of the act itself under which the assessment was made, as being unconstitutional. The grounds are stated in the petition as follows:

"(a) It violates the provisions of article 225 of the Constitution of this state, in that the taxes therein sought to be imposed are not equal and uniform throughout the territorial limits of the authorities levying said taxes, it being sought to impose all of said taxes in the parish of Baton Rouge wherein the property sought to be taxed has never acquired a situs, and said act especially excepts the same kind of property belonging to regularly incorporated foreign railroad companies from its provisions.

"(b) It violates the provisions of article 242 of the Constitution of this state, in that the taxes thereby sought to be imposed are not equal and uniform as to all foreign corporations transacting the kind of business sought to be reached.

"(c) It is retroactive, in that it imposes taxes for the whole of the year 1917, when the law was enacted only on July 24, 1917.

"(d) It violates section 1 of article 14 of the amendments to the Constitution of the United States, in that it denies to petitioner, in its jurisdiction, the equal protection of the laws, and seeks to deprive petitioner of its property without due process of law; the enforced collections of the taxes therein provided for, by the method provided, for the purposes provided, and by the territorial jurisdictions therein provided, amounts purely and simply to confiscation.

"(e) It violates article 2 of the Louisiana Constitution, for the reasons given in (d) supra.

"(f) It violates section 8 of article 1 of the United States Constitution, in that it imposes a tax on property engaged in interstate commerce, and which has no situs in this state and is beyond the jurisdiction of this state.

"(g) It violates fixed and inalienable natural rights, in that it arbitrarily declares certain persons and corporations to be engaged in the railway business who are not in reality engaged in such business."

The complaint of paragragh (a) has already been considered and sustained, in so far as applicable to the parish, city, and other local taxes, and it is not aimed at the state taxes.

[7] Paragraph (b) has reference to section 12 of said act, which excepts from the operation of the act "the rolling stock of any regularly incorporated railroad." What reason the Legislature may have had for making this exception is nowhere stated, nor are we anywhere informed by the record on what terms, or under what conditions, the cars

of these other companies are operated in this state. Plaintiff's complaint here is not that the cars of these "regularly incorporated railroads" are not assessed, nor that they are not assessed at their cash value, precisely as plaintiff's are, but the complaint is that the number of cars belonging to these other companies is ascertained by a different rule. We must assume that in both cases the Legislature has sought to arrive at the number of cars as best it could, and until plaintiff points out some better rule that could have been devised, or that the present rule works unfairly, we shall have to assume that the Legislature has done the best that could be done under the circumstances.

[8] The objection contained in paragraph (c) has already hereinabove been met. By article 232 of the Constitution a limit is placed upon the taxes which the Legislature may levy in any one year; but nowhere that we know of is the Legislature forbidden to levy in August, or at any other time, a tax for the current year.

Paragraphs (d) and (e) have not been elaborated in the brief, and are too vague to furnish a basis for discussion.

[9] Paragraphs (f) and (g) are not referred to in the brief, and therefore are waived, we assume.

The judgment appealed from, which dismissed plaintiff's suit and allowed attorney's fees to the amount of 10 per cent. on the taxes involved in this suit, is affirmed in so far as the state and veteran taxes are concerned and 10 per cent. attorney's fees thereon, but is set aside as to all the other taxes and attorney's fees involved in the suit, and as to the latter taxes the injunction herein is reinstated and made perpetual; defendant to pay the costs of appeal and plaintiff those of the lower court.

For opinion of MONROE, C. J., concurring in decree, see 85 South. 617.