(94 South. 418)

No. 25343.

## GULF REFINING CO. v. TILLINGHAST, Tax Collector.

(Oct. 30, 1922.   Rehearing Denied Nov. 27, 1922.)

*(Syllabus by the Court.)*

**1. Taxation ⬤⇒98—Situs of personal property is at domicile of owner.**

It was formerly the universal rule, and is even now the general rule, in the absence of statutes to the contrary, that personal property has its situs at the domicile of the owner.

**2. Taxation ⬤⇒58 — Fixing situs of personal property within jurisdiction for taxing purpose a legislative function.**

In fixing the situs for taxing purposes, of personal property within the jurisdiction of the state, the Legislature thereof is simply exercising an ordinary function of legislation.

**3. Taxation ⬤⇒37—Statute providing for taxation of railroad rolling stock at owner's domicile is constitutional.**

A statute which sanctions the rule as to movable property within the jurisdiction of the state, that the situs thereof for taxing purposes shall be at the domicile of the owner, is not unconstitutional.

**4. Taxation ⬤⇒254 — Movable property constantly moving from place to place to be taxed at domicile in absence of statute.**

Movable property permanently within the state, but constantly moving from place to place therein, should be assessed at the domicile of the owner, unless some other rule be prescribed by statute.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by the Gulf Refining Company against A. Y. Tillinghast, Tax Collector. From a judgment for plaintiff, defendant appeals. Reversed, and plaintiff's demand rejected.

Lewell C. Butler, of Shreveport, for appellant.

D. Edward Greer, of Houston, Tex., and J. S. Atkinson and F. E. Greer, both of Shreveport, for appellee.

By the WHOLE COURT.

ST. PAUL, J.  The sole issue involved in this case is the constitutionality vel non of section 5 of Act 9 of 1917, which declares in effect that the rolling stock belonging to nonresidents and operated over the railroads of this state shall be assessed and taxed for all purposes, state and local, at the domicile declared by such nonresident; otherwise at the state capital.

It is not contested that such rolling stock may be so taxed for state purposes, and that the method prescribed by the statute and adopted by the assessing authorities for ascertaining the proportion of such rolling stock within the state and subject to state taxation is valid, to wit, by taking that proportion of the total value of all the rolling stock owned by such nonresident, which the car mileage within the state bears to the total car mileage both within and without the state. Being the method approved by the Supreme Court of the United States in Pullman Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876, 35 L. Ed. 613.

Since the state can lay a tax for state purposes on that proportion of defendant's rolling stock, it is manifest that such proportion of the rolling stock must be held to be permanently within the state and subject to the jurisdiction thereof; otherwise it could lay no tax whatever upon it. And the question here presented is whether or not the Legislature of a state can fix for purposes of taxation the situs of movable property within its jurisdiction.

[1, 4] It was formerly the universal rule, and is even now the rule in the absence of statutes to the contrary, that personal property has its situs at the domicile of the owner. 37 Cyc. 947; 37 Cyc. 952; 26 R. C. L. 280. And an examination of the adjudged cases will show that the contention ever was that no legislative power was competent to change that rule, even as to movable property, permanently within its jurisdiction.

[2] We will cite only one, wherein the contention made was the opposite of that made herein, to wit, where it was contended that the Legislature of Illinois could not distribute the assessment of the rolling stock of railroad corporations among the several counties and cities in proportion to trackage; and wherein the Supreme Court of the United States held that, in fixing the situs for taxation of personal property within its jurisdiction the Legislature of a state "simply exercised an ordinary function of legislation."

Thus in State Railroad Tax Cases, 92 U. S. 575, 23 L. Ed. 663, that court said:

"This objection is based on the general rule of law that personal property, as to its situs, follows the domicile of its owner. * * * But, after all, the rule is merely the law of the state which recognizes it. * * * Like all other laws of a state, it is, therefore, subject to legislative repeal, modification, or limitation; and when the Legislature of Illinois declared that it should not prevail in assessing personal property of railroad companies for taxation, it simply exercised an ordinary function of legislation."

This much is therefore certain that the rule "mobilia sequuntur personam" prevails in the absence of legislative provision to the contrary; and that rule was long thought to be so sacrosanct, that it required a long line of jurisprudence to establish that it was but a mere rule of law and not a fundamental principle of government, and hence was subject to change by the Legislature the same as any other law. On the other hand it is equally true that the rule does prevail in the absence of statutory provisions to the contrary. See Board of Supervisors v. Newport News, 106 Va. 764, 56 S. E. 801, and the note thereon in 10 Ann. Cas. 354, 355.

[3] If then the rule "mobilia sequuntur personam" prevails in the absence of statute, it is clear that a statute which sanctions that rule cannot in that respect be unconstitutional; for the simple reason that to expunge the statute would still leave the rule intact. See Consolidated Film & Supply Co. v. Board of Assessors, 11 Orleans App. 172.

The contention that the village of Mooringsport cannot tax these cars because they are not within its jurisdiction, is simply begging the question. The cars are concededly within the jurisdiction of the state; and the state, having them within its jurisdiction, has in turn placed them (by this statute) within the jurisdiction of the village. Manifestly then they are not within the jurisdiction of any other town or village or parish and cannot be taxed elsewhere than in the parish of Caddo and the village of Mooringsport, where defendant has declared its domicile.

The case of Constantin Refining Co. v. Day, 147 La. 623, 85 South. 613, holds views contrary to those above stated. But we think we erred in that case, and it is now overruled.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff's demand be rejected at its costs in both courts.

LAND, J. I concur in the opinion in this case, and especially in the overruling of the decision in the case of Constantin Refining Co. v. Day, Tax Collector, 147 La. 623, 85 South. 613, for the reason that, in the case of the Union Tank Line Co. v. Day, Sheriff et al., 143 La. 771, 79 South. 334, this court held:

"The property of plaintiff has been assessed *as if situated in the parish of East Baton Rouge;* whereas * * * it is distributed over the railroads throughout the state. No law that we know of authorizes the assessment and taxation *in East Baton Rouge parish* of property situated in the other parishes of the state. It goes without saying that property can be assessed only in the taxing district within which it is situated. *For property with no fixed situs— and plaintiff's property is of that character (tank cars.)—the Legislature may fix an assessment*

*situs* (Marye v. B. & O. R. R. Co., 127 U. S. 117, 8 Sup. Ct. 1037, 32 L. Ed. 94), *but this was not done in the present case.*" (Italics mine.)

At the date that this decision was rendered, June 29, 1918, Act No. 9 of 1917 was in force, but the assessment declared to be null in that case was made under section 1 of Act 281 of 1914, under the terms of which it was held:

"Hence if said property was assessable at all by said board the assessment would have to be made for each parish wherein it happened to be situated, or in each parish for its proportional part of the average whole within the state.

"The fact that plaintiff has not established a place of business in the state, or appointed an agent, cannot be made to supply or serve for legislative authority to make the assessment. *The necessary legislative authority could be conferred only by the Legislature.*" (Italics mine.) . Union Tank Line Co. v. Day, 143 La. 774, 79 South. 335.

Under section 5 of Act 9 of 1917 it is provided that rolling stock being operated in this state by a nonresident corporation shall be assessed at the domicile declared by it, and that the assessment as fixed by the Board of State Affairs of all of such rolling stock shall be extended on the assessment roll of the parish and municipality of the corporation's domicile.

In construing section 5 of Act 9 of 1917, this court held in the Constantin Refining Company Case that the tank cars of plaintiff company, not having ever been in the parish of East Baton Rouge, they could not be there assessed except for state taxation, i. e., that for the purpose of state taxation the Legislature can fix the situs of the property at any point within the state; but that for the purpose of local taxation by any of the political subdivisions of the state, the Legislature cannot fix the situs of the property in a subdivision where the property has never been; this last decision being in direct conflict with the decision of this court in the Union Tank Line Company Case, 143

La. 771, 79 South. 334, where it is expressly held that tank cars owned by a nonresident corporation and operated over railroad lines within this state constituted property with no fixed situs, and that the Legislature may therefore fix an assessment situs—the facts of that particular case showing that the tank cars of the Union Tank Line Company had been assessed as if situated in the parish of East Baton Rouge.

As the decision in the Union Tank Line Company Case is sustained by ample authority, both state and federal, I concur in the opinion in this case. The Union Tank Line Company Case is not referred to in the Constantin Refining Company Case, the former decision evidently having escaped the attention of the court at the time, as well as the nonsitus character of the property assessed.

For nearly a quarter of a century it has been the fixed policy of this state to recognize the rolling stock of railroad companies whose lines lie partly within the state and partly in another state or states as movable property within the state without a fixed situs, and to provide that such rolling stock shall be assessed at the domicile or principal offices of said railroads; while the real estate, roadbeds, tracks, etc., of railroads are made assessable and taxable only in the parish or assessment district where located. Section 29 of Revenue Act, Act 170 of 1898. The same rule of local assessment and taxation has been made to apply to the rolling stock of nonresident corporations engaged in operating such rolling stock over the lines of railroads in this state, when such nonresident corporations have established domiciles within the state. Section 5 of Act 9 of 1917.

As the Legislature may fix an assessment situs for property within the state, but with no fixed situs, such as the rolling stock used on railroads, it follows necessarily that the whole of such property may be assessed and taxed for all purposes, state and local,

at the established situs. Plaintiff company paid the entire state tax for the year 1920 upon its rolling stock without protest or objection of any kind. Under section 5 of Act 9 of 1917, the assessment made by the state is extended upon the tax rolls of the municipality in which the nonresident corporation has established its domicile, and upon the tax rolls of the parish in which such municipality may be situated. Plaintiff company does not complain that the village of Mooringsport in Caddo parish, in which it has its domicile, has imposed a higher rate of taxation upon its property than upon similar property within its jurisdiction, owned by other corporations. Plaintiff company admits that it had 22 of its tank cars at its domicile within the limits of the village of Mooringsport during the year 1920, when said village levied a tax of 5 mills upon the property of said company, and upon all other property within its jurisdiction.

The sole issue, as I see it, is therefore, the right of the Legislature to fix a situs for the rolling stock of the plaintiff company for the purpose of local taxation, and such authority is fully sustained by the decisions cited in the opinion of the court this day handed down through Mr. Justice ST. PAUL as its organ.