(96 South. 675)

No. 25634.

**WHITE OIL CORPORATION v. FLANAGAN, Tax Collector.**

(April 2, 1923.    Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Statutes ⬅121(1)—Act as to taxing of rolling stock not broader than title.**

Act No. 9 of 1917, Ex. Sess., providing for the taxation of rolling stock of nonresidents, is not broader than its title in violation of the Constitution, because title does not refer to localization of assessment, or fixing of local status, or delegation of right to levy taxes to parochial and municipal authorities, as its primary purpose is to impose taxation, general in its nature and scope, and comprehending all taxes.

2. **Statutes ⬅109—Title sufficient if it puts persons in interest on reasonable notice.**

Title of act need not mention means, method, or instrument by which it is intended to accomplish general purpose, and need not be an index to provisions of the act, but is sufficient if it goes into the subject so as to place all persons in interest upon reasonable notice to make inquiry into the statute itself.

3. **Taxation ⬅290—Rolling stock taxable in municipality where nonresident corporate owner has become domesticated.**

Even in the absence of statute, rolling stock is taxable under the rule "mobilia sequuntur personam" in municipality where its nonresident corporate owner has become domesticated by appointment of agent for service of process.

4. **Taxation ⬅253—Legislature may fix situs of rolling stock.**

It is within power of Legislature to establish situs for assessment and taxation by its political subdivisions of property within the state, but having no fixed situs therein.

5. **Taxation ⬅93(1)—Rolling stock owned by nonresident subject only to same taxes as other property.**

Under Act No. 9 of 1917, Ex. Sess. § 5, providing for assessment of rolling stock owned by nonresidents at the state capitol or in parish and municipality containing owner's declared domicile, such property is to be placed on the rolls in the same manner, and is subject only to the same taxes, as property belonging to resident owners.

6. **Constitutional law ⬅229(1), 283—Taxation ⬅253—Statute as to place of taxation of rolling stock held not to violate federal Constitution.**

Act No. 9 of 1917, Ex. Sess. § 5, providing for taxation of rolling stock owned by nonresidents in parish and municipality containing state capitol, or in that in which owner has declared its domicile, does not deny due process of law or equal protection of the laws in violation of Constitution U. S. Amend. 14.

O'Niell, C. J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Suit by the White Oil Corporation against J. C. Flanagan, Tax Collector. From a judgment for plaintiff, defendant appeals. Reversed, and judgment granted in favor of defendant.

B. F. Roberts and W. M. Phillips, both of Shreveport, for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellee.

ROGERS, J. This is a suit to cancel an assessment and to enjoin the collection of taxes based thereon. From a judgment in favor of plaintiff, defendant has appealed. The case was tried and decided upon the following agreed statement of facts, to wit:

"The plaintiff, the White Oil Corporation, is a corporation organized and existing under the laws of the state of Delaware, and on January 1, 1921, maintained its principal business establishment and offices at No. 66 Broad street, New York City; its present chief place of business and principal offices are located in the Binz Building, Houston, Tex.

"On January 2, 1920, the White Oil Corporation qualified under the laws of the state of Louisiana to do business therein, when J. H. Russell, a resident of Shreveport, was designated agent for service of process, and the Louisiana office of the corporation was declared to be Shreveport.

"On January 1, 1921, the White Oil Corporation owned 500 tank cars, which were employed in the course of its business throughout the United States and Canada, traversing a total of 3,384,819 miles during the year, of which total 169,450 miles were traversed by the cars of the corporation employed in its business in the state of Louisiana. The schedule attached hereto and marked 'A' is made a part hereof to show the cars and the distribution of mileage.

"All the cars used by the White Oil Corporation in the state of Louisiana since its qualification to do business therein were used indiscriminately throughout the state in the course of its business, none of the cars being at any time maintained or used solely within the city of Shreveport, the parish of Caddo, or the state of Louisiana, and a very small percentage of the cars used in the state of Louisiana passed in transit through the city of Shreveport and the Parish of Caddo.

"Practically the same state of facts as above outlined for the year 1921 existed during the year 1920.

"Acting under the authority of Act No. 9 of the Extra Session of the Legislature of the year 1917 (which authority is denied by plaintiff), the Board of State Affairs or Louisiana Tax Commission, listed against the White Oil Corporation for assessment and taxation during the year 1921, a valuation of $116,670, as representing the value of 48.23 tank cars at $2,419.00 each, being the number and value of the cars of the plaintiff company, determined by said Board or Commission to represent the proportion of cars employed by the corporation in the state of Louisiana. The above valuation and number of cars were listed by the Tax Commission as representing the proportion of cars of the plaintiff company employed within the state and was not extended as an assessment of specific cars maintained in Louisiana, the proportion having been arrived at by a comparison of the mileage made by cars within the state and the total mileage made by all cars owned by the plaintiff company wherever operated (see schedule hereto attached).

"Acting solely under the authority of Act No. 9 of 1917, the assessor of Caddo parish extended the above valuation fixed by the Tax Commission upon the tax rolls for the year 1921 for both state and parish purposes, upon which assessment taxes for said purposes to the extent of $1,633.38, exclusive of interest, are demanded; that under the same authority the same valuation was extended for the year 1921 upon the tax rolls of the city of Shreveport, and upon the said assessment J. C. Flanagan, the tax collector of the city of Shreveport, is demanding the sum of $904.19, exclusive of interest, as taxes due the city of Shreveport, levied by the municipality upon the aforesaid assessment."

Plaintiff attacks the constitutionality of Act No. 9 of the Special Session of the Legislature for the year 1917, under the authority of which the assessment in controversy was levied, on the following grounds, to wit:

(1) That the act contains more than one object and that all of its objects are not set forth in its title.

(2) That the Legislature is without authority to fix the situs of rolling stock for the purpose of taxation by any of the political subdivisions of the state arbitrarily in places wherein the property has never been, and without regard to the proportion of said property used in each subdivision, and that its attempt to do so is discrimination against plaintiff, and denies to it due process of law and the equal protection of the law in violation of the Fourteenth Amendment of the federal Constitution.

(3) That the act attempts to establish the situs of rolling stock owned and operated in the state of Louisiana by nonresident corpo-

rations which have qualified to do business in the state, in both the parish and the municipality of the place wherein the nonresident corporation has designated its agent for service of process, thereby subjecting this class of property to a greater amount of taxes than is exacted from the property of other taxpayers, creating an unjust discrimination and operating as a denial of the due process of law and the equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States.

[1] Plaintiff's first point of attack upon the statute, that it is broader than its title, is made upon the ground that there is no reference in the title to localizing the assessment of rolling stock or fixing a local status for such taxation, nor to the delegation to parochial and municipal authorities of the right to levy taxes thereon.

[2] The primary purpose of the act is to subject to taxation the rolling stock of all nonresidents, corporate or otherwise, operating such rolling stock within the state. The taxation sought to be imposed is not of limited or restricted character. It is general in its nature and scope. It comprehends all taxes, state, parochial, or municipal, to be levied upon the class of property affected by its provisions. The obligations, duties, powers, and details set forth in the statute are only separate and distinct parts of the whole plan by which its primary purpose is to be accomplished. The title need not mention the means, method, or instrument by which it is intended to accomplish the general purpose. Thornhill v. Wear, 131 La. 483, 59 South. 909. It need not be an index to the provisions of the act, and it sufficiently complies with the law if it goes into the subject so as to place all persons in interest upon reasonable notice to make inquiry into the statute itself. We do not find the act under consideration herein violative of the constitutional requirement that a statute shall have only one object which must be expressed in its title.

[3] On the other hand, if we were able to adopt the argument made on behalf of plaintiff and uphold the contention that the act is unconstitutional in so far as it attempts to fix the situs of personal property of nonresident corporations actually used by them within the state, for the purpose of taxation, it would avail nothing, for the reason that, even in the absence of the statute, under the application of the rule, "Mobilia sequuntur personam," as presently interpreted, the property would still be taxable in the municipality wherein its nonresident corporate owner has become domesticated by the appointment of an agent for the service of process. Gulf Refining Co. v. Tillinghast, 152 La. 847, 94 South. 418.

[4] The second proposition urged on behalf of plaintiff is that the Legislature was without authority to fix the situs of rolling stock for the purpose of taxation by any of the political subdivisions of the state. We are unable to accede to this proposition. It is entirely within the power of the Legislature to establish a situs for the assessment and taxation of property which is within the state, but which has no fixed situs therein. Union Tank Line Co. v. Day, 143 La. 771, 79 South. 334; Gulf Refining Co. v. Tillinghast, 152 La. 847, 94 South. 418.

[5] The third ground upon which plaintiff assails the act is that it assumes to fix the situs of the rolling stock in question in both the parish and municipality of the designated domicile of the nonresident corporation— "two separate and distinct places, each of which is vested with a distinct autonomy and independent power of taxation for local purposes." Plaintiff complains that no other taxpayer nor class of taxpayers is subjected to such a condition, which operates as an unjust discrimination against it and denies it the due process of law and the equal protection of the law guaranteed by the Fourteenth Amendment of the federal Constitution.

Section 5 of the act reads as follows:

"Be it further enacted, etc., that the assessment as fixed by the Board of State Affairs of all such rolling stock being operated in this state by nonresident persons, firms, partnerships, companies, * * * or corporations shall be extended on the assessment roll of the parish and municipality where the capitol of the state of Louisiana is located, by the assessor of that parish, *and shall pay all state taxes and all local taxes on said assessment to which it is subject in said parish and municipality;* provided, that where any such nonresident person, firm, partnership, company, association or corporation has made a declaration of domicile and appointed an agent for the purpose of receiving service and citation in this state, as is now provided by law; then that such nonresident persons, firms, partnerships, companies, associations, or corporations shall be assessed at the domicile declared by it, for the purpose of service and citation, and the said assessment shall be extended on the assessment roll of that parish and municipality, as above set out." (Italics ours.)

It will thus be observed that the statute goes no further than to require the payment, by the owner of the property covered by its provisions, of the taxes to which said property is amenable in the parish and in the municipality wherein the designated domicile is situated. In other words, the property is to be placed on the assessment rolls of the city and parish in the same manner as the property of any other taxpayer. There is nothing in the statute which can be construed to mean that the class of property referred to therein shall pay any taxes which other property belonging to resident owners does not have to pay. Manifestly, if the cars of the plaintiff are within the jurisdiction of the city of Shreveport, the designated domicile of the plaintiff company, they are not within the jurisdiction of any other town or village or parish, and they can only be taxed in the same manner and to the same extent that property belonging to resident owners in said municipality is taxed.

[6] Inasmuch as the Legislature was clothed with authority to enact the statute fixing the situs of the rolling stock of plaintiff for the purpose of taxation, and as its provisions are not discriminatory against the class of taxpayers referred to therein and are not unequal in their effect and operation, it is not violative of the Fourteenth Amendment of the federal Constitution.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment herein appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the defendant J. C. Flanagan, tax collector of the city of Shreveport, and against the plaintiff, the White Oil Corporation, dissolving the preliminary injunction herein issued, rejecting plaintiff's demand, and dismissing its suit at its cost.

O'NIELL, C. J., dissents.