ROGERS, J.
Plaintiff, a Texas corporation, duly qualified to do business in Louisiana by designation of the city of Shreveport as its principal place of business, and by appointment of an agent residing there for the service of process, is the owner of certain tank ears operated partly within this state.
In the year 1921 the Louisana Tax Commission assessed said company with a proportion of the value of said tank cars under the provisions of Act No. 9 of 1917 (Ex. Sess.), and, under the authority of the same statute, the assessment as fixed by the tax commission was extended on the assessment rolls of the city of Shreveport for that year.
This suit was brought to cancel said assessment and to enjoin the tax collector from attempting to collect the taxes levied thereunder. Defendant, in his answer, averred the legality of the assessment and tax, and by way of reconvention prayed for a Judgment so decreeing and for 10 per cent, on the amount of the taxes as attorney’s fees.
From a judgment holding the assessment and tax illegal, null, and void, and perpetuating the preliminary injunction issued in the cause, defendant prosecutes the present appeal.
All of plaintiff’s alleged grounds off illegality, save one, were disposed of adversely to its contention by the decisions of this court in the cases of Gulf Refining Co. v. Tillinghast, 152 La. 847, 94 South. 418, and White Oil Corporation v. Flanagan, 153 La. 837, 96 South. 675.
The sole question remaining in this ease since those decisions is whether or not the assessment of plaintiff’s tank ears for municipal purposes for the year 1921 is legal, in view of the provisions of section 16 of article 10 of the Constitution of 1921, which went into effect on July 1, 1921. This section reads as follows:
“Rolling stock operated in this State, the owners of which have no domicile therein, shall *568 bo assessed by the Louisiana Tax Commission, and shall be taxed for State purposes only, at a rate not to exceed forty mills on the dollar of assessed value.”
In the latter part of August, 1921, the Louisiana Tax Commission made an assessment of plaintiff’s rolling stock operated in this state during the year 1921, and certified the same to the assessor of the parish of Caddo. On December 13, 1921, the commission’ council of the city of Shreveport adopted an ordinance levying taxes for municipal purposes for the year 1921.
Plaintiff contends that it has its corporate domicile in the state of Texas, and that the effect of the constitutional provision referred to was to exempt its rolling stock from all forms of taxation, save' that for state purposes only, from and after July 1, 1921, when the new Constitution went into opera-’ tion; that, as no assessment had been made of its property, and no taxes had been levied thereon, by the city of Shreveport until the month of December, 1921, nearly six months after the adoption of the new Constitution,, said assessment and taxes were illegal, null, and void. .
In support of his contention, the learned counsel for plaintiff cites State ex rel. W. K. Henderson Iron Works & Supply Co. v. Jeter, Tax Assessor, 151 La. 1011, 92 South. 594.
However, in the cases of Oden v. Industrial Lumber Co., 153 La. 734, 96 South. 549, and State ex rel. Thomas A. Lemoine v. Arthur Morrow, Assessor, No. 25008 of the docket of this court, 154 La. 601, 97 South. 875, we decided that exemption from taxation is rendered inapplicable to all taxes for the year 1921 by the saving clause of article 22, § 1, par. 4, though the local authorities neglected to levy them until after the Constitution became elective.
In the former case, in commenting upon the case of Henderson Iron Works v. Jeter, the court said at page 551, of the opinion in 96 South.:
“The judgment sustaining the defense [the defense urged in that case was based upon the same ground urged by plaintiff herein] is founded upon a wrong interpretation of our ruling in the Henderson Iron Works Case. It is true, * * i; we put great stress ufron the fact that the taxes for 1921 were already levied, and were therefore ‘accruing,’ when the new Constitution went into effect. But we had no thought of making a distinction between the state taxes for 1921, which we knew had been levied before the 1st of July, and local taxes, which the local authorities might have neglected to levy until the 1st of July, of that year. It is certain, from the language of the reservation in the fourth paragraph of Section 1 of article 22 of the Constitution, that there was no intention of making tpie distinction that is made in the judgment appealed from in this case. Of course, the argument that taxes which had been' levied were ‘accruing,’ when the new Constitution went into effect would not have been an appropriate argument in the Henderson Iron Works Case, if we had'been dealing with taxes that had not been levied when the Constitution went into effect. But we were dealing with taxes which, for the most part at least, and as far as we knew, had been levied when the new Constitution went into effect. If the argument was good for those taxes for 1921, it was good for all of the taxes for 1921, because all of the taxes for that year — that is, either all or none — were reserved alike by the saving clause in the fourth paragraph of seetioh 1 of article 22 of the new Constitution.”
The court then goes on to give its principal reason for the ruling in the Henderson Iron Works Case.
We see no invalidity in the assessment and taxes herein complained of.
For the reason assigned, it is therefore ordered, adjudged and decreed that the judgment herein appealed from be annulled, avoided, and reversed, and it is now ordered that plaintiff’s demand be rejected, the injunction herein issued be dissolved, and the suit be dismissed; it is further ordered and decreed that there be judgment in reconvention in favor of defendant and against" plaintiff, decreeing the assessment complained of *570 to be legal and valid in all respects, and decreeing plaintiff liable for the payment of the taxes based thereon' together with 10 per cent, of the amount of said taxes as attorney’s fees. Plaintiff to pay all costs of these proceedings.
O’NIELL, C. J., dissents.
Rehearing refused by the WHOLE COURT.