## SIMMS OIL CO. v. WOLFE, Tax Collector.

## SAME v. HUGHES, Sheriff and Tax Collector.

(District Court, W. D. Louisiana. June 5. 1924. Rehearing Denied June 6, 1924.)

Nos. 177, 178.

**1. Courts ☞366(7)—State decision construing state statutes binding on federal court.**

A decision of the Supreme Court of a state fixing the status of a foreign corporation for purposes of taxation involves a construction of the statutes of the state, and is binding on a federal court.

On Application for Rehearing.

**2. Taxation ☞275—Foreign corporations having domicile in Louisiana are subject to local taxation.**

Const. La. art. 10, § 16, providing that "rolling stock operated in this state, the owners of which have no domicile therein, shall be assessed by the Louisiana tax commission, and shall be taxed for state purposes only," has no application to a foreign corporation which has complied with the law of the state by establishing a domicile therein and subjecting itself to state jurisdiction, which thereby acquires the legal status of a domestic corporation, and under Act La. No. 9 of 1917 rolling stock of such a corporation is subject to local taxation at the place of its domicile.

In Equity. Suits by the Simms Oil Company against S. G. Wolfe, Tax Collector, and against T. R. Hughes, Sheriff and Tax Collector, respectively. Bills dismissed.

A. P. Garland, of Shreveport, La., for plaintiff.

W. M. Phillips, of Shreveport, La., for defendants.

FOSTER, District Judge. These two cases involve the same issues. The plaintiff is a corporation organized and existing under the laws of Texas with its domicile in the city of Houston. Certain local taxes are assessed against the plaintiff on tank cars operated by it in the state of Louisiana. No complaint is made as to the fairness of the method of assessment, but the plaintiff contends that its property is assessable for state purposes only because it has no domicile in the state of Louisiana. It appears, however, that plaintiff has a place of business in Shreveport and has designated an agent for the purpose of citation.

Corporations operating rolling stock in the state of Louisiana are subject to all state and local taxation, if they have a domicile within the state. If they have no domicile, they pay the general state tax, and, in addition to that, a tax of 25 mills in lieu of all local and other taxation. The Supreme Court of Louisiana has passed on the contentions here raised in the case of Simms Oil Co. v. Flanagan, 155 La. 565, 99 So. 450, holding that the plaintiff in this case has a business domicile for the purpose of taxation in Shreveport. This case constitutes a construction of the laws of Louisiana on the subject, and I feel that I would be bound to follow it, as, in view of the provisions of the Louisiana law making all owners of rolling stock subject to taxation one way or the other, there is no question of unjust discrimination presented. I more readily follow the case above cited, as it agrees with my own views.

There will be decrees dismissing the bills and awarding attorneys' fees and interest as prayed for in the answer.

## On Application for Rehearing.

DAWKINS, District Judge. Plaintiff, a foreign corporation existing under the laws of Texas, owns, as a part of its property engaged in the oil business, a number of tank cars which operate in the state of Louisiana. It has complied with the law of the state of Louisiana permitting such corporations to fix a domicile in the state and designating the city of Shreveport for that purpose and C. E. Morgan as its Louisiana agent for the service of legal process.

In this proceeding it is sought to restrain the collection of local or parochial taxes upon said rolling stock, for the reason, as plaintiff contends, that it is liable alone for state taxes under section 16, article 10, of the Constitution of 1921. That section reads as follows:

"Rolling stock operated in this state, the owners of which have no domicile therein, shall be assessed by the Louisiana tax commission and shall be taxed for state purposes only, at a rate not to exceed 40 mills on the dollar of assessed value."

The argument is that the convention of 1921, in adopting this provision, was seeking to meet the decision of the Supreme Court of Louisiana in Constantin Refining Company v. Day, 147 La. 623, 85 So. 613, in which it had been held that the Legislature had no power to authorize the collection of taxes upon personal property of a nonresident corporation, for local purposes, where said property had never been within the local taxing jurisdiction; that the intention was to include both those corporations which had complied with the law of the state with reference to fixing a domicile therein, as well as those which had not; and that now none which are creatures of another state can be taxed except as provided by this constitutional provision.

After the adoption of the Constitution of 1921, the Supreme Court (October 30, 1922), in the case of Gulf Refining Company v. Tillinghast, 152 La. 847, 94 So. 418, again had occasion to consider the same question decided in the Constantin Refining Case, supra, and expressly overruled the doctrine of the latter, holding that the Legislature, in the absence of the declaration of a Louisiana domicile, by foreign corporations, might fix the situs of such property for the purpose of local taxation.

It will also be noted, as pointed out by Mr. Justice Land in a concurring opinion in the last-mentioned case, the court had, in Union Tank Line Company v. Day, Sheriff, et al., 143 La. 771, 79 So. 334 (which was not referred to in the Constantin Refining Company Case), declared that the Legislature might fix a domicile for a foreign corporation for said purposes of taxation.

The plaintiff in the case of Constantin Refining Company v. Day, Sheriff, was a foreign corporation, and it was not pretended that it had complied with the laws of the state with reference to fixing a domicile. In other words, it was a foreign corporation

in the strictest sense of the word. If it be conceded that the convention intended to remedy this defect in the law, I do not believe the court would be justified in holding that the purpose was to go beyond the necessities of the case. The Legislature had already, by Act 267 of 1914, § 23, declared that all corporations which complied with the law for establishing a Louisiana domicile should be "entitled to a certificate from the secretary of state, authorizing it to exercise the same powers, rights and privileges as are accorded to similar domestic corporations organized under this act, * * *" and the Supreme Court of this state has applied and construed this provision to mean just that; i. e., that such corporations are on a parity, for all practical purposes, with those created under our own laws. Burgin Bros. & McCane v. Barker Baking Company, 152 La. 1075, 95 So. 227. This decision, however, was also after the adoption of the Constitution of 1921. I am impressed, therefore, that the convention meant to reach only that class of corporations and persons which had not subjected themselves to the laws of this state. It will be observed also that the language of the provision is that "rolling stock operated in this state, the owners of which have no domicile therein, * * *" shall be assessed as therein provided. The provision, of course, has no application to the property of domestic corporations and persons domiciled in the state. But when the owners (whether individuals or corporations) have submitted themselves to the jurisdiction of the state, they become subject to all of the liabilities and enjoy all of the privileges of its own citizens by express provision of law. Metropolitan Life Insurance Company v. New Orleans, 205 U. S. 399, 27 S. Ct. 499, 51 L. Ed. 853; Gulf Refining Company v. Tillinghast, 152 La. 847, 94 So. 418; White Oil Company v. Flanagan, 153 La. 837, 96 So. 675.

The assessment in this case was made under authority of Act No. 9 of the extra session of the Louisiana Legislature of 1917, which provides that the rolling stock of such corporations shall be assessed for local purposes at the places which they have fixed as their Louisiana domiciles, and this statute has been upheld by the Supreme Court of Louisiana in the two cases last above cited. I am of the opinion, therefore, that, although the precise question involved here was not decided in any of those cases, since all of the assessments were made under laws which governed prior to the adoption of section 16, article 10, of the Constitution of 1921, yet they are applicable and controlling, because, in my view, the convention intended to reach alone the owners of such personal property who had not subjected themselves to the state-taxing jurisdiction.

It is needless to cite authority to the point that a law should not be held unconstitutional except upon a clear showing of such inconsistency.

For the reasons assigned, the application for rehearing is denied.