## SIMMS OIL CO. v. WOLFE, Tax Collector.

## SAME v. HUGHES, Tax Collector.

(Circuit Court of Appeals, Fifth Circuit. June 3, 1925.)

### Nos. 4416, 4417.

Taxation ⬤⟶290—Appointment by foreign corporation of local agent held not establishment of "domicile," warranting tax by municipal and parish authorities.

Appointment by foreign corporation of local agent for receiving service, as required by Const. La. 1898, art. 264, *held* not establishment of "domicile;" authorizing assessment of its rolling stock by municipal and parish authorities under Act No. 9 of 1917 (Ex. Sess.), in view of Act No. 243 of 1912, Act No. 267 of 1914, and Act No. 120 of 1920, but taxable by Louisiana Tax Commission for state purposes only, under Const. La. 1921, art. 10, § 16.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Domicile.]

Appeals from the District Court of the United States for the Western District of Louisiana; Rufus E. Foster and Benjamin C. Dawkins, Judges.

Separate actions by the Simms Oil Company against S. G. Wolfe, Tax Collector of City of Shreveport, La., and against T. R. Hughes, Tax Collector of Caddo Parish, La. Decrees for defendants (3 F.[2d] 36), and plaintiff appeals. Reversed.

Albert P. Garland, of Shreveport, La., for appellant.

B. F. Roberts and W. M. Phillips, both of Shreveport, La., for appellees.

Before WALKER and BRYAN, Circuit Judges.

WALKER, Circuit Judge. These two cases involve the question of the liability of the appellant, a Texas corporation, to pay taxes assessed against it for the year 1922, on its tank cars in Louisiana, by the parish of Caddo and the city of Shreveport, La. The appellant's contention that the taxes mentioned were not legally imposed is based upon section 16, art. 10, of the Constitution of Louisiana of 1921, which reads as follows: "Rolling stock operated in this state, the owners of which have no domicile therein, shall be assessed by the Louisiana Tax Commission, and shall be taxed for state purposes only, at a rate not to exceed 40 mills on the dollar of assessed value." The opposing contention is based on a Louisiana statute (Act No. 9 of 1917 [Ex. Sess.]), levying a tax on rolling stock being operated in that state by nonresident persons, firms,

partnerships, companies, or corporations, and (section 5) providing "that where any such nonresident person, firm, partnership, company, association, or corporation has made a declaration of domicile and appointed an agent for the purpose of receiving service and citation in this state, as is now provided by law, then 'that such nonresident persons, firms, partnerships, companies, associations, or corporations shall be assessed at the domicile declared by it, for the purpose of service and citation, and the said assessment shall be extended on the assessment roll of that parish and municipality, as above set out"; and on the proposition that "appellant had a domicile in Louisiana as a result of the fact that, prior to 1922, it designated a named person, of Shreveport, La., as its true and lawful attorney, in and for the state of Louisiana, on whom all process of law, whether mesne or final, against said company in any action or special proceeding against said company in the state of Louisiana, subject to and in accordance with all the provisions and statutes and laws of said state of Louisiana, now in force, and such other acts as may hereafter be passed, amendatory thereof and supplementary thereto."

The Louisiana Constitution of 1898 contained the following provision (article 264), which was copied from the preceding Constitution: "No ⁘ ⁑ ⁙ foreign corporations shall do any business in this state without having one or more known places of business and an authorized agent or agents in the state upon whom process may be served." Under this provision, the object of which was to require foreign corporations doing business in Louisiana to subject themselves to service of process in that state, a foreign corporation, by having a known place of business and an authorized agent in Louisiana, does not change its domicile or acquire one in Louisiana. Barber Asphalt Pav. Co. v. City of New Orleans, 41 La. Ann. 1015, 6 So. 794. The Louisiana statutes (Act 243 of 1912, Act 267 of 1914, Act 120 of 1920) which prescribe regulations for carrying into effect the last-quoted constitutional provision do not purport to give to a compliance with those regulations the effect of conferring a Louisiana domicile on the complying foreign corporation. The above-quoted provision of the act of 1917 does not disclose a legislative intention to change the legal effect of a foreign corporation designating an agent in Louisiana "as now provided by law," though it contains the expressions "has made a declaration of domi-

cile and appointed an agent for the purpose of receiving service and citation in this state, as now provided by law," and "at the domicile declared by it for the purpose of service and citation." We are not of opinion that such inaccurate references to already existing laws can properly be given the effect of conferring a Louisiana domicile on a foreign corporation which designates an agent in Louisiana, as required by law, and does not go beyond any requirement of law by making "a declaration of domicile" in Louisiana, or by consenting that its Louisiana place of business be regarded as a domicile declared by it. In no way did appellant consent to have a domicile in Louisiana, and no Louisiana constitutional or statutory provision purports to give to its designation of an agent in Louisiana for the purpose of service of process against it the effect of conferring on it a Louisiana domicile.

In support of the contention that a foreign corporation acquires a domicile in Louisiana by designating its principal place of business in that state, and a person residing there as its agent to receive and accept service of process, reference is made to the fact that in the opinion in the case of White Oil Corporation v. Flanagan, 153 La. 837, 96 So. 675, a Delaware corporation's designated place of business in Louisiana, was referred to as its "designated domicile." The question whether a foreign corporation, by complying with the statutory requirements as to designating a place of business and a resident agent, does or does not acquire a domicile in Louisiana was not presented for decision in that case, and it is apparent that the use of the quoted expression was not intended to have the effect of a decision of that question. In a later case in which appellant contested a local tax for 1921 on its rolling stock operated in Louisiana it was referred to by the Supreme Court of that state as "a Texas corporation, duly qualified to do business in Louisiana by designation of the city of Shreveport as its principal place of business, and by appointment of an agent residing there for the service of process"; and its contention was rejected, not on the ground that it had a domicile in Louisiana, but on the ground that the first above set out constitutional provision, which was invoked and relied on, was not applicable to taxes for the year 1921. Simms Oil Co. v. Flanagan, 155 La. 565, 99 So. 450. So far as we are advised, no subsequent Louisiana decision has indicated a purpose to depart from the ruling made in Barber Asphalt Pav. Co. v. City of New Orleans, supra. We have not

been advised of any convincing evidence that at the time the first above set out constitutional provision was framed and adopted the compliance by a foreign corporation doing business in Louisiana with statutory requirements as to designating a place of business and a resident agent had been given or had acquired the legal effect of conferring on it a domicile in that state.

Not long before the enactment of that provision the Supreme Court of Louisiana decided that the Legislature could not fix the situs of property for purposes of local taxation by any political subdivision of the state, where the property has never been, and on that ground held invalid a parish tax on tank cars of an Oklahoma corporation which had never been in that parish. Constantin Refining Co. v. Day, 147 La. 623, 85 So. 613. After the adoption of the Constitution of 1921, that decision was overruled, and it was decided that local taxes, levied pursuant to the act of 1917 before that Constitution went into effect, were valid and enforceable. Gulf Refining Co. v. Tillinghast, 152 La. 847, 94 So. 418. It may be inferred that the framers of the constitutional provision in question had in mind the situation created by the decision in Constantin Refining Co. v. Day, supra, when it was provided thereby for rolling stock operated in Louisiana being taxed for state purposes only where the owner of such property has no domicile in the state. That provision plainly forbids taxation for local purposes of such rolling stock if its owner has no domicile in the state, whether the owner is a natural person, a partnership, a company, an association, or a corporation. A noncorporate owner would not acquire a domicile in Louisiana by designating a place of business and a resident agent with authority to receive or accept service of process against his principal. Service of process in a suit in Louisiana against a commercial partnership, which in that state is regarded as a fictitious being, distinct from the partners composing it, may be made on the partnership's agent in that state. Esteve Bros. & Co. v. Harrell (C. C. A.) 272 F. 382. The fact that such a partnership composed of nonresidents is so subject to process does not give it a domicile in that state. A corporation of one state, by doing business in another state and having a resident agent there, who is authorized to receive or accept service of process, does not acquire a domicile in such other state, especially where the law in pursuance of which such agent is designated does not undertake to fix the corporation's domicile. Galveston, H. & S. A. R.

Co. v. Gonzales, 151 U. S. 496, 14 S. Ct. 401, 38 L. Ed. 248; Germania Fire Ins. Co. v. Francis, 11 Wall. 210, 20 L. Ed. 77. If permitted by the law of a state, a nonresident corporation, equally with a nonresident natural person, may subject itself to the jurisdiction of the courts of that state without acquiring a domicile therein. Nothing in the language of the provision in question indicates a purpose to make one rule for a foreign corporation which owns rolling stock operated in Louisiana and a different rule for a noncorporate foreign owner of such rolling stock, subjecting the former to local taxation if it has complied with the statutes as to designating a place of business and a resident agent, and exempting the latter from such taxation though it has subjected itself to the jurisdiction of the courts of the state. There is nothing to indicate that the framers of that provision, in using the word "domicile," had in mind a meaning other than the one which that word customarily conveys. Under the customary meaning of that word a corporation's domicile is in the state where it was chartered, and it cannot acquire a domicile outside of that state unless permitted by statute to do so. By doing business and subjecting itself to service of process in another state, a corporation does not acquire a domicile in that state where the law under which it does so does not provide for a foreign corporation acquiring a domicile in a state other than the one where it was chartered. We conclude that the appellant has no domicile in Louisiana, and that, under the constitutional provision in question, the local taxes assessed against it were not enforceable.

The decrees are reversed.